Oscar Berghaus, Appellant, v. Gustav Berghaus, Charles R. Carroll and Monroe W. Coburn, Respondents.— Action to set aside a sale of real property and to recover an undivided interest therein and for an accounting of mesne profits and award of damages. Judgment for the defendants reversed on the law and the facts and a new trial granted, costs to abide the event. Assuming that the relation of the two brothers Berghaus was that of tenants in common and that no confidential or fiduciary relationship exists as a consequence of the mere existence of a tenancy in common (Streeter v. Shultz, 45 Hun, 406; affd., 127 N. Y. 652), it does not follow that a fiduciary relationship does not exist where there is something in addition to the existence of the mere tenancy in common. (1 Bogert on Trusts and Trustees, § 28, p. 143; 1 Perry on Trusts and Trustees [6th ed.], § 178; Freeman on Cotenancy & Partition [2d ed.], § 151.) Here the agreement of January 20, 1936, between the two brothers contained a provision obligating them to sell the real property in the event that a purchaser for $15,000 or better appeared. In order to pass upon their respective rights under this clause, it was essential that there be a disclosure of the true identity of the real purchaser when a sale was proposed under this provision. That factor might properly influence the exercise of judgment on the amount that might be obtained on the sale. Here the court found that a disclosure was made to the plaintiff that defendant Gustav Berghaus was the real buyer and that defendant Coburn was a mere dummy. This is contrary to the clear weight of evidence, especially in view of the documentary evidence bearing upon this phase. Apart from whether the property was sold for its true value, the fact remains that the plaintiff was damaged, if not in other respects, at least to the extent of being required to pay what would other-

wise be a wholly unnecessary brokerage if the conveyance had been frankly asked for directly from the plaintiff to defendant Gustav Berghaus, the real buyer. The court erred in excluding the testimony of the witness Strauss. The ground of objection thereto merely went to its weight and not to its admissibility. For the purposes of a new trial all findings of fact and conclusions of law are reversed. Lazansky, P. J., Carswell, Davis, Johnston and Taylor, JJ., concur.