LAURA VAN DUZER, Appellant, v. WARREN ANDERSON, Respondent, et al., Defendants.— The parties to this appeal are sister and brother. Both are tenants in common by descent of certain real property in Rockland County. At the time of defaults in taxes in 1938, and 1940, appellant, through her children, was in possession of the property. Appellant purchased the property at the tax sales in October, 1939, and October, 1941. Tax deeds were delivered to appellant on December 1, 1942, but they were not recorded until July 26, 1950. In this action commenced in November, 1951, appellant sought to bar the claims of title of respondent and of another, who defaulted in pleading. This is an appeal from so much of a judgment of the County Court, Rockland County, which dismissed the complaint as to respondent, based on a holding that he still remained a tenant in common with appellant. Judgment affirmed, without costs. As a tenant in common in possession, it was appellant's duty to pay the taxes. (*Stevens* v. *Melcher,* 152 N. Y. 551, 565.) Where a tenant in common in possession defaults in the payment of taxes, suffers the land to be sold for those taxes, and becomes the purchaser at the tax sale, he cannot hold the land for his exclusive benefit, but holds the title for the common benefit. (*Burhans* v. *Van Zandt,* 7 N. Y. 523.) The effect of a purchase at such a tax sale is that the taxes are paid, but the title is left exactly as it was before the tax sale. Adel, Wenzel and Beldock, JJ., concur; Nolan, P. J., dissents and votes to reverse and to grant judgment to appellant, with the following memorandum: Although appellant and respondent were tenants in common, that fact, standing alone, created no fiduciary relationship. The record does not disclose that appellant was receiving any benefit from the occupancy of the property by her mother and her elder children prior to her mother's death, or by her children's occupancy thereafter and up to the time of appellant's purchase at the tax sale in 1939. In 1941, when appellant made her second tax sale purchase, defendant Argus Investors, Inc., was the owner of the property, and respondent had no interest therein. Under such circumstances appellant breached no duty which she owed respondent (cf. *Roffe* v. *Yerrington Realty & Bldg. Co.,* 260 App. Div. 4; *Berghaus* v. *Berghaus,* 255 App. Div. 851, and *Starkweather* v. *Jenner,* 216 U. S. 524), nor was she guilty of any fraud, concealment or collusion in the purchases at the tax sales. Moreover, respondent, although informed of such purchases, has made no offer to contribute his proportionate share of the expenditures involved

therein. Under the circumstances disclosed by the record, having elected to claim the benefit of the purchases by appellant, he was required at least to offer to make such contribution. (Cf. *Van Horne* v. *Fonda,* 5 Johns. Ch. 388, 407; *Peck* v. *Peck,* 110 N. Y. 64, 74–76; *Darcey* v. *Bayne,* 105 Md. 365; *Reed* v. *Reed,* 122 Mich. 77, and *Morris* v. *Roseberry,* 46 W. Va. 24.) MacCrate, J., concurs with Nolan, P. J.