▪ DREW NATIONAL CORPORATION et al., Respondents-Appellants, v EDWARD GOLDSTEIN et al., Appellants-Respondents, et al., Defendants.—Order, Supreme Court, New York County, entered on August 14, 1979, which, insofar as appealed from, held in abeyance the determination of the motion to dismiss the complaint and referred the matter to a Referee to hear and report, is unanimously modified, on the law, with costs and with disbursements to plaintiffs, defendants-appellants' motion to dismiss is denied in its entirety, the order of reference is vacated, and, as so modified, otherwise affirmed. The plaintiff, Ronnie Fashions, is a wholly owned subsidiary of Drew National Corporation and engaged in the apparel industry. Defendants are ex-employees of Ronnie Fashions who, at the time of their employment, held high corporate positions. The complaint alleges that in a four-year period defendants converted over three quarters of a million dollars of plaintiffs' inventory. Due in part to these alleged fraudulent activities, plaintiffs filed for an arrangement pursuant to chapter 11 of the Bankruptcy Act. In listing their claims and causes of action pursuant to this statute plaintiffs failed to enumerate any cause of action against the defendants. However, there was listed a separate claim against two other employees. This plan was confirmed on October 14, 1977, by order of the court. Defendants now argue that the failure to list this claim bars the present action. Plaintiffs maintain that their creditors were fully aware of this claim. It is this issue which Special Term referred for a hearing and report. In our opinion no hearing is required and the motion to dismiss should have been denied. Plaintiffs were not attempting to secure this claim for their benefit nor was there an attempt to defraud the creditors. The latter were fully cognizant of this claim. Both the plan of reorganization and the order confirming the plan alerted all interested parties to certain possibilities, among which were possession of the property and assets of the debtor and realized proceeds from lawsuits commenced *in futuro.* Moreover, plaintiffs, as debtors in possession, were vested with all powers of a trustee in bankruptcy (Bankruptcy Act, § 342). Therefore, the answers to the questions as posed by Special Term were contained in the papers before the court and no need for a reference existed. Concur—Fein, J. P., Ross, Lupiano and Silverman, JJ.