**SIERRA CLUB, Plaintiff,**

v.

**SCM CORPORATION, Defendant.**

**No. CIV–82–1076T.**

United States District Court,
W.D. New York.

Oct. 17, 1983.

Christopher Denton, Elmira, N.Y., Anthony Z. Roisman, Washington, D.C., Kathleen Butler, New York City, for plaintiff.

Nixon, Hargrave, Devans & Doyle, Ragna Henrichs, G. Robert Witmer, Rochester, N.Y., for defendant; Mark C. Davison Jr., and Martha Fleischer, Rochester, N.Y., of counsel.

## DECISION and ORDER

TELESCA, District Judge.

This is a citizens suit to enforce the anti-pollution standards of the Federal Clean Water Act (33 U.S.C. Section 1251 *et seq.*). Plaintiff, Sierra Club, is a non-profit corporation with over 300,000 members "dedicated to protecting natural resources, including water". (Complaint, para. 6) Defendant, SCM Corporation operates a potato and onion processing facility in Wolcott, Wayne County, New York. Jurisdiction of this Court is alleged pursuant to Section 505(a)(1) of the Clean Water Act. Pending before me is defendant's motion to dismiss the complaint. Before turning to the merits of defendant's motion to dismiss, a brief summary of the facts underlying this lawsuit is necessary.

## FACTS

In operating its potato and onion processing plant, defendant SCM Corporation discharges treated waste into an unnamed tributary of Wolcott Creek in Wayne County, New York. A permit authorizing the discharge of limited amounts of pollutants was issued to the defendant by the New York State Department of Environmental Conservation (hereinafter DEC) on June 20, 1975. Thereafter, defendant violated their DEC permit by discharging non-conforming pollutants into the creek. DEC initiated an administrative enforcement proceeding against SCM for violation of the permit standards. On May 4, 1982, after extensive correspondence and negotiation with DEC, defendant SCM entered into a consent order with DEC in settlement of the administrative enforcement proceeding. The consent order imposed a Ten Thousand Dollar fine on SCM (Nine Thousand Dollars of which was suspended unless SCM violated the consent order), established a schedule of compliance with permit specifications, and required SCM to immediately implement several other steps in order to improve the quality of their waste discharge.

On November 11, 1982, pursuant to the citizens suit provision of the Clean Water Act, plaintiff commenced the instant action. The complaint alleges, *inter alia,* various violations of the Federal Clean Water Act as well as non-compliance with the pollutant discharge permit issued by DEC. On January 28, 1983, defendant SCM Corporation filed the instant motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b).

## DECISION

### DILIGENT PROSECUTION

Section 505 of the Clean Water Act confers jurisdiction on Federal District Court over law suits initiated by private citizens against any person who is alleged to be in violation of (1) an effluent standard or limitation under the Clean Water Act or (2) an order issued by a State with respect to such standard or limitation. However, Section 505 goes on to provide that no such action may be commenced:

> If the Administrator or State has commenced *and is diligently prosecuting a civil or criminal action in a court of the United States, or a State* to require compliance with the standard, limitation, or order, but in any such action in a court of the United States any citizen may intervene as a matter of right.

33 U.S.C. Section 1365(b)(1)(B). (emphasis added).

Defendant SCM argues that the consent order obtained in the DEC enforcement proceeding constitutes "diligent prosecution in a court of the United States or a State", and therefore contends that this Court lacks jurisdiction over the instant lawsuit. I disagree.

In determining whether the DEC administrative enforcement proceeding in this case should be deemed the functional equivalent of a court, and thereby erect a bar to federal court jurisdiction, I am guided by the importance Congress placed upon the private citizen's right to participate in the *actual enforcement* of the Clean Water Act.

A high degree of informed public participation in the control process is essential to the accomplishment of the objectives we seek—a restored and protected natural environment.... [T]he manner in which these measures are implemented will depend, to a great extent, *upon the pressures and persistence which an interested public can exert upon the governmental process.* The Environmental Protection Agency and the State should actively encourage and assist the involvement and participation of the public in the process of setting water quality requirements and in their *subsequent implementation and enforcement.*

Sen.Report on the Clean Water Act, Legis. Hist. of the Water Pollution Control Act, at 1430. (emphasis added). Accordingly, Section 505 of the Act was included to ensure that interested citizens either had the right themselves to commence an enforcement proceeding in federal court, or, if that enforcement proceeding had already been initiated, the right to intervene in that proceeding in order to actively participate in the enforcement effort.

█ In the instant case, plaintiff lacked the opportunity to participate in the DEC administrative enforcement proceedings which resulted in the consent order. Plaintiffs claim they were unaware of the on-going negotiations between SCM and DEC concerning permit violations. Furthermore, it appears that no notice of an impending order of consent was published and the DEC did not afford the plaintiffs the right of formal intervention in the enforcement proceedings.[1] The opportunity to be heard is fundamental to due process and is, of course, the keystone to our judicial system. *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). The right to be heard is particularly important in any proceeding which is to be accorded finality. *Bradford Audio Corporation v. Pious,* 392 F.2d 67, 72 (2nd Cir.1968). A proceeding which lacks this fundamental right cannot, in my judgment, be deemed the equivalent of court action for purposes of Section 505 of the Act.[2] *See Baughman v. Bradford Coal Company, Inc.,* 592 F.2d 215 (3rd Cir. 1979) (Right of intervention may properly be considered as a factor in determining whether a particular state tribunal is a "court" for purposes of precluding citizen

---

1. Federal Regulations detail the minimum requirements for meaningful public participation in the State enforcement procedures:

    (d) Any State administering a program shall provide for public participation in the State enforcement process by providing either:

    (1) Authority which allows intervention as of right in any civil or administrative action to obtain remedies specified in paragraphs (a)(1), (2) or (3) of this section by any citizen having an interest which is or may be adversely affected; or

    (2) Assurance that the State agency or enforcement authority will:

    (i) Investigate and provide written responses to all citizen complaints submitted pursuant to the procedures specified in Section 123.-8(b)(4);

    (ii) Not oppose intervention by any citizen when permissive intervention may be authorized by statute, rule or regulation; and

    (iii) Publish notice of and provide at least 30 days for public comment on any proposed settlement of a State enforcement action.

    In this case it appears that these procedural protections were not afforded to plaintiff. Moreover, I find unpersuasive defendant's argument that plaintiff's exclusive remedy for the apparent lack of public participation in the DEC administrative proceedings is to petition the Federal Government to withdraw its approval of the New York State enforcement program for failure to comply with the Federal Requirements and Standards.

2. The Court recognizes, of course, that citizen participation is not the only relevant factor in determining whether a state administrative enforcement procedure should be deemed "a court" for purposes of precluding citizen suits under the Clean Water Act. The state tribunal must also possess the power to accord relief which is the "substantial equivalent" to that available to the EPA in Federal courts under the Act. See *Baughman, supra* at 219; *Gardeski v. Colonial Sand Company, Inc.,* 501 F.Supp. 1159, 1163 (S.D.N.Y.1980).

actions under identical provision of the Federal Clean Air Act.) *See also, Love v. New York State Department of Environmental Conservation,* 529 F.Supp. 832 (S.D.N.Y. 1981).

■ My holding is thus a limited one. Under the *particular facts presented here,* where settlement of permit violations is achieved as a result of enforcement proceedings in which plaintiffs, as interested members of the public, lacked the opportunity to be heard on the merits of the proposed consent order, a citizens suit pursuant to 33 U.S.C. Section 1365(a)(1) may properly be entertained by a federal district court.[3]

## JOINDER

■ Defendant has also moved to dismiss the complaint on the ground that plaintiff has failed to join the DEC as a necessary party to this action. Because I find that plaintiff has no valid cause of action against DEC, their failure to join the agency as a party does not require dismissal pursuant to Federal Rule of Civil Procedure 19.

The Clean Water Act authorizes citizens suits against (1) those alleged to be "in violation" of the Act's pollution standards and limitations, 33 U.S.C. Section 1365(a)(1) and, (2) the Environmental Protection Agency (EPA) through its Administrator upon the EPA's failure to perform a non-discretionary act.[4] 33 U.S.C. Section 1365(a)(2). In *O'Leary v. Moyers' Landfill Inc.,* 523 F.Supp. 642 (E.D.Pa.1981) Judge Pollack held that a Federal District Court Judge lacks subject matter jurisdiction over a state enforcement agency (such as DEC) where the plaintiffs claim against the agency is that the agency's failure to enforce a consent order "contributed directly to the alleged pollution". The court held: "The ordinary sense of the 'in violation' phrase in section 1365(a)(1) connotes defendants who are themselves the instrumentality discharging pollution; the jurisdictional grant does not in terms create responsibility on the part of a regulatory agency charged with the enforcement of standards—even where the agency decides against enforcement." *O'Leary, supra* at 649.[5]

Moreover, the Clean Water Act adequately protects DEC's interest in the instant lawsuit. DEC has the statutory right to intervene in this action at any time. Such a right certainly gives DEC the opportunity to defend the integrity of its administrative procedures, if it believes such procedures are threatened by the instant lawsuit.

In sum, I hold that the defendant's motion to dismiss the complaint is, in all respects, denied.

SO ORDERED.

---

**3.** I need not, and therefore do not decide whether the particular consent order achieved by DEC in this case constitutes "diligent prosecution" within the meaning of the citizens suit provisions of the Act. I note however that "no judicial guidance exists as to what constitutes diligent prosecution". *Gardeski, supra,* at 1164. Ordinarily, a consent order should be viewed as sufficient in itself to satisfy the requirement of diligent prosecution. "To require an agency to commence any form of proceeding would be senseless where the agency has already succeeded in obtaining the [defendant's] agreement to comply with the law in some enforceable form." *Gardeski, supra,* at 1166. Nevertheless, DEC may thereafter fail the test of diligent prosecution if it fails to adequately monitor or enforce the consent order or if it permits new and independent pollution law violations to occur. *Gardeski, supra; Love v. New York State Department of Environmental Conservation,* 529 F.Supp. 832 (S.D.N.Y.1981). In this case, plaintiff claims that DEC has not diligently prosecuted SCM, either by the terms of the consent order or by their subsequent enforcement of that order.

**4.** For purposes of Section 1365(a)(2)'s authorization to sue, DEC stands in the place of the EPA by virtue of DEC's role in the enforcement of the statute. See 33 U.S.C. Section 1319.

**5.** *But see, Montgomery Environmental Coalition v. Fri,* 366 F.Supp. 261 (D.C.D.C.1973). However, even assuming *arguendo* that DEC was subject to suit under 33 U.S.C. Section 1365(a)(1), in my judgment they are not a necessary party under Federal Rule of Civil Procedure 19. *See Friends of the Earth v. Carey,* 535 F.2d 165 (2nd Cir.1976); *Metropolitan Washington Coalition for Clean Air v. District of Columbia,* 511 F.2d 809 (D.C.Cir.1975).