**SIERRA CLUB, Plaintiff,**

v.

**SCM CORPORATION, Defendant.**

**No. CIV–82–1076T.**

United States District Court,
W.D. New York.

March 1, 1984.

---

Anthony Z. Roisman, Trial Lawyers for Public Justice, Washington, D.C., for plaintiff.

Nixon, Hargrave, Devans & Doyle, Rochester, N.Y. (Ragna Henrich and Richard Cogen, Rochester, N.Y., of counsel) for defendant.

## MEMORANDUM DECISION AND ORDER

TELESCA, District Judge.

### BACKGROUND

■ This is an action commenced by Sierra Club, against the defendant, SCM Corporation, alleging that the defendant has violated its water pollution discharge permit issued pursuant to the Federal Water Pollution Control Act (FWPCA), 33 U.S.C. Section 1365. Plaintiff seeks injunctive relief to stop the discharge and further, requests the imposition of fines against defendant for past wrongdoing.[1] Defendant had previously moved to dismiss the complaint for lack of jurisdiction contending that a consent agreement entered into between defendant and the New York State Department of Environmental Conservation (DEC)[2] (after an administrative enforcement proceeding commenced by DEC), effectively precluded the imposition of this action under Section 505 of the Act. See 33 U.S.C. Section 1365(b)(1)(B). In a decision dated October 17, 1983 this Court denied defendant's motion and allowed the action to continue. 572 F.Supp. 828.

Presently before the Court are a series of motions and cross-motions as follows: (1) Defendant moves for certification of the jurisdictional question to the Second Circuit Court of Appeals pursuant to 28 U.S.C. Section 1292(b). (2) Plaintiff moves for partial summary judgment on the issues of liability and standing to sue, and also seeks a protective order to relieve it of the obligation of answering the interrogatories propounded by defendant to plaintiff concerning the issue of standing.

I hold that plaintiff lacks standing to bring this action, and therefore, the complaint is dismissed.

### FACTS

Defendant, SCM Corporation-Durkee Famous Foods Division, operates a potato and onion processing facility in Wolcott, Wayne County, New York. This facility discharges treated wastes into an unnamed tributary of a waterway known as the Wolcott Creek. Defendant was issued a permit to discharge effluents into this tributary at certain fixed levels. Plaintiff's complaint, and the papers submitted in support of its motion for summary judgment on liability, allege that from September, 1977 through February, 1982 defendant has violated its permit some 182 times. Plaintiff further

---

**1.** Because there is no private right of action for monetary damages under the F.W.P.C.A., any fines levied would be payable to the Government and not to plaintiff. *See City of Evansville, Indiana v. Kentucky Liquid Recycling, Inc.,* 604 F.2d 1008 (7th Cir.1979), *cert. denied,* 444 U.S. 1025, 100 S.Ct. 689, 62 L.Ed.2d 659 (1980).

**2.** DEC is the designated agent in New York State of the Federal Environmental Protection Agency under the F.W.P.C.A. See 33 U.S.C. Section 1342(a)-(b); New York Conservation Law Section 17-1001 et seq.

alleges that "[t]he interests of the Sierra Club's members have been, are being and will be adversely affected by defendant[s] ... failure to comply with its ... permit requirements". (Complaint para. 7).

Moreover, in support of its motion for summary judgment on the issue of standing, plaintiff submits an affidavit which indicates that the Sierra Club has approximately 347,000 voting members, 2,200 of which reside within a 70 mile radius of defendant's plant. Additionally, plaintiff asserts that one of its members resides in the town of Wolcott.[3] Finally, plaintiff submits various pamphlets and by-laws which inform members of the Sierra Club's policy to litigate issues which affect the environment.

## DISCUSSION

In support of its motion for summary judgment on the issue of standing plaintiff makes two alternative arguments, (1) that the complaint and material submitted in support of this motion, set forth sufficient allegations of "injury in fact" to its members to confer standing upon plaintiff, *see Hunt v. Washington Apple Advertising Commission,* 432 U.S. 333, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977), and (2) that by the enactment of Section 505 of the Act, Congress specifically intended to eliminate the "injury in fact" requirement of standing to sue, and thus, plaintiff, and its members in the area, have standing to sue *regardless* of any actual or prospective injuries resulting from defendant's conduct. These alternative arguments will be dealt with in reverse order.

## I.

Put simply, "standing to sue" represents the constitutional requirement that a party must have a sufficient stake in the outcome of an otherwise justiciable controversy to obtain a judicial resolution of that controversy. *Sierra Club v. Morton,* 405 U.S. 727, 731–732, 92 S.Ct. 1361, 1364, 31 L.Ed.2d 636 (1972). In *Morton,* the 9th Circuit had held that the Sierra Club lacked standing to bring an action under the Administrative Procedure Act because "there was no allegation in the complaint that members of the Sierra Club would be affected by the actions of [the respondents] other than the fact that the actions are personally displeasing or distasteful to them". *Sierra Club v. Hickel,* 433 F.2d 24, 33 (9th Cir.1971). The Supreme Court affirmed, holding that "the party seeking review [must] himself be among the injured". *Sierra Club v. Morton, supra,* 405 U.S. at 735, 92 S.Ct. at 1366.

Plaintiff seeks to distinguish *Morton* from the present case relying upon the Supreme Court's own distinction in the *Morton* case between parties who "rely upon specific statute[s] authorizing invocation of the judicial process" and those that do not. *Id.* at 732, 92 S.Ct. at 1364. Plaintiff also relies upon *Rite-Research v. Costle,* 650 F.2d 1312 (5th Cir.1981) which had initially expounded upon this distinction. In *Rite-Research* the Fifth Circuit held that the plaintiffs had two alternative grounds for standing. First, the court found that the plaintiffs had satisfied the "injury in fact" analysis set forth in *Morton.* The court went on to hold, however, that the plaintiffs in *Rite-Research* presented an "even stronger claim of standing" from that alleged by the Sierra Club litigants. *Id.* at 1319. The *Rite-Research* court reasoned that the Supreme Court's holding in *Morton* would have been different if the plaintiff therein had been able to point to some specific statutory provision authorizing federal suit. In *Rite-Research,* however, the court pointed to Section 505 of the F.W.P.C.A., 33 U.S.C. Section 1365, as a

---

**3.** Plaintiff has not identified this member nor does it intend to. On oral argument of this motion, plaintiff's attorney contended that it would be burdensome for this member if he were forced to answer interrogatories or was subjected to a deposition to find out what contact if any he had with Wolcott Creek, not to mention what adverse effect the alleged pollution has had upon his interests. I find it perplexing that plaintiff should consider such vital questions burdensome and irrelevant in light of the Supreme Court's decision in *Sierra Club v. Morton, infra,* a decision of which it is obviously well aware. See point *II.* infra.

statute which legislatively created standing and eliminated the injury in fact requirement. 650 F.2d 1319–1322. In reaching that conclusion, the *Rite-Research* court relied heavily upon the Third Circuit's decision in *National Sea Clamers' Association v. New York*, 616 F.2d 1222 (3rd Cir.1980), which was then pending on appeal before the Supreme Court.

This Court need not attempt to refute the premise set forth in *Rite-Research* (that Congress may confer standing legislatively and eliminate the injury-in-fact requirement), as unfounded as this Court may believe that premise to be. Instead, the Supreme Court in *Middlesex County Sewerage Authority v. National Sea Clamers' Association*, 453 U.S. 1, 101 S.Ct. 2615, 69 L.Ed.2d 435 (1980) clearly and specifically rejected any such argument in respect to Section 505 of the F.W.P.C.A. In reversing the Third Circuit the Supreme Court held: "[I]t is clear that the citizens suit provisions [of the F.W.P.C.A.] apply only to persons who can claim some sort of injury". *Id.* at 16, 101 S.Ct. 2624. The court went on to recite the definition of "citizen" set forth in Section 505(g) of the Act as "a person or persons having an interest which is or may be adversely affected" and held: "It is clear from the Senate conference report that this phrase was intended by Congress to allow suits by all persons possessing standing under this court's decision in *Sierra Club v. Morton* ...." *Id.*

■ Thus, it is now quite clear that in order for a suit to be brought under Section 505, a party must meet the requirements of standing set forth in *Morton*. *See also, Montgomery Environmental Coalition v. Costle*, 646 F.2d 568 (D.C.Cir. 1980) (decided before *National Sea Clamers'* but to the same effect). Therefore, plaintiff's argument to the contrary must fail.

## II.

I turn now to the question of whether plaintiff here has satisfied the requirement it previously failed to meet in *Morton*. In its complaint herein, plaintiff adequately tracked the language in *Morton* and alleges a *specific* injury to its members. (Complaint para. 7). However, on this motion plaintiff has completely failed to present any factual support for these allegations. Instead, the moving papers assert the very same type of allegation specifically rejected by the Supreme Court in *Morton*.[4]

■ It is now well recognized that injuries to aesthetic, conservational and recreational interests, as well as economic ones, may be sufficient to confer standing to sue. *Data Processing Service v. Camp*, 397 U.S. 150, 154, 90 S.Ct. 827, 830, 25 L.Ed.2d 184 (1970). "But broadening the categories of injury that may be alleged in support of standing is a different matter from abandoning the requirement that the party seeking review must himself have suffered an injury". *Sierra Club v. Morton, supra*, 405 U.S. at 738, 92 S.Ct. at 1368.

It is critical to point out that plaintiff has failed to show that any particular member of its organization has or may be adversely affected in any specific way by defendant's actions. Moreover, notwithstanding that defendant has not moved for summary judgment on the standing issue, it would be a poor utilization of judicial resources to allow plaintiff yet another chance to come forward with such specifics. Cf. *Morrissey v. Curran*, 423 F.2d 393 (2nd Cir.1970), *cert. denied*, 399 U.S. 928, 90 S.Ct. 2245, 26 L.Ed.2d 796 (1970); *Moss v. Ward*, 450 F.Supp. 591, 594 (W.D.N.Y.1978).

Plaintiff would have this Court presume *some* injury to *some* of its members without providing the necessary factual basis in support of such a theory. Injury cannot be presumed from such conclusory allega-

4. "The Club apparently regarded any allegations of individualized injury as superfluous, on the theory that this was a 'public' action involving questions as to the use of natural resources, and that the Club's long-standing concern with and expertise in such matters were sufficient to give it standing as a 'representative of the public'". *Sierra Club v. Morton*, 405 U.S. at 736, 92 S.Ct. at 1367.

tions—more is required. U.S. Constitution Art. III; *Sierra Club v. Morton, supra,* 405 U.S. at 739, 92 S.Ct. at 1368. Noble purpose alone cannot serve as a substitute for "injury in fact". *Id.* Accordingly, plaintiff's complaint is dismissed.

SO ORDERED.