■ HERBERT MOSKOWITZ et al., Respondents, v SILKALY WOLCHOK, Appellant, et al., Defendants.—Order of the Supreme Court, New York County, entered June 19, 1986 (Edith Miller, J.), which denied defendant-appellant's motion for an order interpreting a prior order of said court to clarify that the Referee hearing and reporting on various issues in the case was precluded from taking testimony and reporting on issues related to litigation costs and attorney's fees, unanimously modified, on the law and the facts, to permit testimony on court costs only as hereinafter indicated, and, as modified, affirmed, without costs.

Respondents, brothers of appellant, brought an action in 1984 to partition real property inherited from their father.

The court directed summary judgment in favor of the brothers and ordered a Referee appointed. The Referee was then empowered through another court order to rule on various issues. This appeal concerns the interpretation of the latter order.

At hearings on how to divide the property, respondents apparently stated their intent to offer proof of litigation costs and planned to ask the Referee to recommend that appellant pay those costs. In addition, respondents wanted to charge appellant with their portion of transcript costs and the agreed-upon Referee's fee. Appellant's attorney objected that such issues were not included in the order of reference. The Referee, however, determined to accept testimony on the subject of plaintiff's costs for two reasons: first, the court might want it later and then would have to order a second reference. And, second, he saw no harm in taking the testimony and striking it later if beyond the scope of the reference. Appellant moved to interpret the order of reference as excluding any testimony on the aforementioned issues. Justice Edith Miller denied the motion, and this appeal followed.

The jurisdiction of a Referee to hear and report is limited to the order of reference. *(Feder Corp. v Bozkurtian,* 48 AD2d 701 [2d Dept 1975].) In this case, the order of reference omits any mention of transcript costs, litigation fees and share of the Referee's fee.

Respondents contend that the word "costs" in RPAPL 981 (1) and (3) should be read to authorize litigation fees. But the use of the word "costs" in these subdivisions refers only to court costs and *not* to attorney's fees and other litigation expenses. *(See, Matter of O'Brien,* 28 AD2d 1040 [3d Dept 1967]; *Libra Bank v Banco Nacional,* 570 F Supp 870 [SDNY 1983].) Because costs are controlled by statute, a successful litigant may recover only the costs so authorized. *(Miss Susan v Enterprise & Century Undergarment Co.,* 270 App Div 747, *affd* 297 NY 512.) Here, this would exclude counsel fees and other litigation expenses.

Respondents look to the RPAPL section which permits a court to order one party to pay the other's litigation expenses after a judgment confirming a sale. (RPAPL 981 [3].) Inasmuch as both parties stated the remaining issues involve rents and profits, that section regarding sale does not apply. Nevertheless, RPAPL allows imposition of court costs. (RPAPL 981 [1].) The Referee may hear testimony on the issue of awarding those costs. Concur—Kupferman, J. P., Ross, Carro, Rosenberger and Ellerin, JJ.