■ MARGARET FLEMING et al., Respondents, v FREDERICK A. LUNDY, JR., et al., Appellants, et al., Defendants. (Appeal No. 1.)—Order unanimously affirmed with costs. Memorandum: The court properly ordered defendants to sign the purchase offer for the sale of the property held by them as tenants in common with the plaintiffs. The stipulation entered into in open court in the partition action obligated the parties to list the property for sale at a price not less than $100,000 and not to withhold unreasonably their acceptance of any purchase offer that resulted from such listing. The court properly found that defendants had no reasonable basis for not accepting the purchase offer in the amount of $115,000 resulting from the listing, and that the purchase offer submitted by defendant Frederick Lundy on the return date of the motion was reasonably rejected by plaintiffs because defendant failed to show that he had the funds available to complete the purchase. Further, the court properly determined that there was no basis for vacating the stipulation. (Appeal from order of Supreme Court, Onondaga County, Reagan, J.—contempt; sale of real property.) Present—Denman, J. P., Boomer, Pine, Balio and Davis, JJ.

■ MARGARET FLEMING et al., Respondents, v FREDERICK A. LUNDY, JR., et al., Appellants, et al., Defendants. (Appeal No. 2.)—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: We agree with Supreme Court that under the provisions of the agreement of November 7, 1981, Frederick

Lundy was obligated to pay one half of the taxes levied on the entire parcel plus his proportionate share of the remaining one half of the taxes. Thus, we agree with the court's computation of the amount of the expenses of the property owed by defendants to plaintiffs in every respect but one. The court should have given defendants a credit of 44.4% of the $625 purchase price of the one-acre parcel purchased by defendant Frederick Lundy.

The court had no authority to grant attorneys' fees in this partition action. Attorneys' fees are incidents to litigation and are not compensable in the absence of an agreement or statutory authority (*Matter of A. G. Ship Maintenance Corp. v Lezak*, 69 NY2d 1, 5; *City of Buffalo v Clement Co.*, 28 NY2d 241, 262-263, *rearg denied* 29 NY2d 640). The statute governing costs and expenses in a partition action (RPAPL 981) does not provide for an award of counsel fees incident to litigation. We do not decide the right to an extra allowance under CPLR 8303 inasmuch as neither party made application therefor.

Accordingly, we modify the order and judgment by reducing the amount awarded by $277.50, from $8,061.97 to $7,784.47, plus interest and costs, and by deleting the provision in the order for attorneys' fees. (Appeal from order of Supreme Court, Onondaga County, Reagan, J.—partition and sale.) Present—Denman, J. P., Boomer, Pine, Balio and Davis, JJ.