■ H & Y REALTY COMPANY et al., Respondents, v THEADORA BARON, Appellant, et al., Defendant.—Appeal from the order of the Supreme Court, New York County (Harold Tompkins, J.), entered on or about August 29, 1989, which granted the motion by defendant Theadora Baron for reargument and, upon reargument, adhered to the court's prior determination, is dismissed as academic, without costs or disbursements.

Order of the Supreme Court, New York County (Harold Tompkins, J.), entered on or about April 18, 1989, which denied the motion by defendant Theadora Baron to present certain testimony to the Referee and granted plaintiffs' cross motion to preclude such testimony, is unanimously reversed on the law, defendant's motion granted and the matter remanded for further testimony, with costs and disbursements.

The underlying action herein is for the partition of a four-story commercial building located at 720 Lexington Avenue in Manhattan, one block from Bloomingdale's and diagonally across the street from Alexander's department stores. Although partition was eventually directed following years of litigation, the parties are now embroiled in a dispute arising out of the court-ordered accounting. In that regard, in a judgment entered on December 21, 1987, the Supreme Court, in addition to requiring that the property be partitioned and sold, declared that plaintiffs were obliged to pay defendant-appellant Theadora Baron, who owns a 25% undivided interest therein as a tenant-in-common, for the occupancy of the storefront premises at the rate of $2,843.75 per month and that a reference take an accounting of numerous issues, "including but not limited to insurances, taxes, securities,

rents, and maintenance". The judgment was affirmed on appeal (141 AD2d 1008).

In October of 1988, prior to a preliminary conference of the Referee and counsel, defendant set forth in writing the claims which she intended to pursue, including her share of the rental value of the upper three floors of the property. She also advised plaintiffs of her defense against plaintiffs' anticipated demand for real estate taxes. The reference commenced on March 1, 1989. After plaintiffs had rested, they objected to consideration by the Referee of defendant's claim for the rental value of the upper three stories of the property, contending that this matter was precluded by the order of reference in the judgment. The Referee determined that the rental of the upper floors was a proper subject of the reference, and plaintiffs cross-moved to overrule the Referee's decision. The Supreme Court held that defendant could not make the claim for the rental of the top floors. The parties then returned to the reference, and plaintiffs challenged the introduction by defendant of any evidence concerning their exclusive use of the property even as a defense to their request for reimbursement of taxes. In the opinion of the Referee, he was constrained by the court's order from hearing anything beyond the calculation of the income and expenses of the premises. However, the Referee specifically recognized the validity of defendant's position and observed that plaintiffs had known of her proposed defense for months without objection. Defendant subsequently moved unsuccessfully for the Supreme Court to change its prior determination, and the instant appeal ensued.

At the outset, it should be noted that there is no merit to plaintiffs' assertion that defendant's appeal is premature since the Supreme Court has not yet accepted or rejected the Referee's report, and, in addition, CPLR 5701 (a) mandates that the order appealed from affect a substantial right of the appellant. This court has consistently held that an order of reference is appealable *(see, Grand Cent. Art Galleries v Milstein,* 89 AD2d 178; *Drew Natl. Corp. v Goldstein,* 74 AD2d 771; *Candid Prods. v SFM Media Serv. Corp.,* 51 AD2d 943). Moreover, the orders appealed from herein certainly affect a substantial right of defendant insofar as she "would be required thereunder to submit to a lengthy and expensive hearing" *(Grand Cent. Art Galleries v Milstein, supra,* at 181). While the Supreme Court correctly stated that a Referee is limited to those matters contained in the reference *(see,* CPLR 4311; *Moskowitz v Wolchok,* 126 AD2d 463), an examination of the record before us reveals that defendant's claim for the

rental value of the upper three stories was properly a subject of the reference. The order of reference expressly directed the Referee to conduct an accounting of the income of the property "including but not limited to insurances, *taxes,* securities, *rents,* and maintenance" (emphasis added). Thus, the order of reference not only did not preclude defendant's claim for a proportionate share of the rental value of the upper three floors, as well as her defense to plaintiffs' demand for a reimbursement of taxes, but specifically encompassed all matters relating to rents and taxes. It is also significant that more than five months prior to the start of the reference, defendant informed plaintiffs that she planned to interpose a claim for the rental value of the upper portion of the property, so plaintiffs can scarcely argue that they were surprised, and thereby prejudiced, by the introduction of the testimony sought to be presented by defendant.

It is well established that a tenant-in-common is liable for rent to his cotenant if he occupies the property to the exclusion of that cotenant *(Zapp v Miller,* 109 NY 51; *see also, Jemzura v Jemzura,* 36 NY2d 496). Similarly, a tenant-in-common who occupies the premises to the exclusion of his cotenant is responsible for all charges on the property, including real estate taxes *(Van Duzer v Anderson,* 282 App Div 779, *affd* 306 NY 707; *see also, Worthing v Cossar,* 93 AD2d 515; *Topilow v Peltz,* 25 AD2d 874). In the present situation, defendant was accused by plaintiffs of failing to pay her share of taxes on the property and was prohibited from raising her claim for the rental value of the upper stories notwithstanding that plaintiffs have occupied these premises rent free since November of 1981. Defendant proposes to demonstrate that even if plaintiffs paid the property taxes, they excluded her from the premises, creating a complete defense at law to their demand for reimbursement, and she also seeks her share of the market rental value for the upper three floors of the commercial building. The foregoing are valid issues for the reference and do not constitute an expansion of the order of reference. To deprive defendant of the opportunity to be heard with respect to these matters would be contrary to the fundamental imperatives of due process *(see, Goldberg v Kelly,* 397 US 254; *Sierra Club v SCM Corp.,* 572 F Supp 828, *affd* 747 F2d 99). Concur—Murphy, P. J., Sullivan, Milonas, Kassal and Wallach, JJ.