■ GENERAL ELECTRIC COMPANY, Respondent-Appellant, v ZVI RABIN, Individually and Doing Business as INTER-AMERICA MARKETING SYSTEMS INC., et al., Appellants-Respondents, and GENERAL ELECTRIC PLASTICS STRUCTURED PRODUCTS EUROPE, B.V., et al., Counterclaim Defendants-Respondents.—Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered February 28, 1991 which: (1) severed plaintiff's claims against defendants from defendants' counterclaims; (2) ordered an immediate trial of said claims; (3) dismissed the plaintiff's complaint against individual defendant Zvi Rabin; (4) denied the cross-motion by various counterclaim defendants to dismiss the defendants' counterclaims on jurisdictional grounds, and defendants' cross-motion to strike said counterclaim defendants' defense of lack of personal jurisdiction, and referred said jurisdictional cross-motions to a Special Referee to hear and report with recommendations and held defendants' motion to compel discovery from said counterclaim defendants in abeyance pending the outcome of the hearing, and; (5) denied the defendants' motion to compel discovery from the plaintiff, disposed of as follows: (1) the plaintiff's cross-appeal, with respect to that portion of the order which denied its motion for summary judgment and dismissed its claim against individual defendant Zvi Rabin is dismissed as moot; (2) the defendants' appeal from the denial of their motion to compel discovery from the plaintiff related to its claims, and from the portion of the order severing the plaintiff's claims from the counterclaims is also dismissed as moot and; (3) that portion of the order referring the jurisdictional cross-motions to a Referee to hear and report with recommendations and holding the motion to compel discovery from the counterclaim defendants in abeyance, is modified, on the law, the facts and in the exercise of discretion, to grant the defendants' motion to compel discovery from counterclaim defendants, only to the extent of providing the Referee with the authority to compel further discovery with respect to the jurisdictional issues

raised by the cross-motions referred to said Referee, and otherwise affirmed, without costs.

This is essentially an action commenced by the plaintiff to recover for goods sold and delivered to defendant Inter-America Marketing Systems Inc. (Inter-America). Inter-America is a Delaware Corporation incorporated in 1980. Zvi Rabin is its sole shareholder and president. On or about May 27, 1980 additional counterclaim defendants Kurt Hirsch and his corporation, Cartoplast Kurt Hirsch, entered into an agreement with Inter-America whereby Inter-America became the exclusive distributor in the U.S. and Canada of a Cartoplast product known as "Thermoclear". Thermoclear is a very light but very rigid double or triple walled sheet of polycarbonate plastic. The original term of the agreement was for five years, although the defendant maintains that the term was extended to ten years.

In July 1983, Inter-America placed an order with Cartoplast for a quantity of 16mm sheets of Thermoclear. Cartoplast shipped and invoiced Inter-America for $50,274 of 16mm sheets and $57,600 of 6mm sheets. Inter-America maintains that the 6mm were never ordered and that the 16mm sheets were damaged and below specifications. There was, apparently, correspondence between Inter-America and Cartoplast concerning the problems with the shipment. In or about August 1984 Cartoplast's assets, including the trademark, "Thermoclear" were sold to plaintiff General Electric (G.E.) and/or General Electric Plastics Structured Products Europe B.V. (GEPSPE) a wholly owned subsidiary of General Electric Plastics B.V. (GEP) which in turn itself is a wholly owned subsidiary of plaintiff General Electric Company.

In June, 1986 General Electric Company, plaintiff herein, commenced this action to recover the $107,874 which was never paid by defendant Inter-America for the delivery to it of the 16mm and 6mm sheets of Thermoclear, by Cartoplast. Plaintiff maintained that it was the assignee of Cartoplast's accounts receivable. In its answer, defendant asserted counterclaims against plaintiff and the additional counterclaim defendants for breach of contract, quantum meruit, interference with contractual advantage, interference with business advantage and various violations of the antitrust laws of the U.S. Plaintiff G.E., and the additional counterclaim defendants served replies in which they asserted, *inter alia,* the affirmative defense of lack of personal jurisdiction over the additional counterclaim defendants.

During the course of the litigation the defendants served

voluminous interrogatories which plaintiff G.E. claimed were burdensome and wholly irrelevant to G.E.'s claims. Plaintiff maintains, and defendants do not deny, that the first two sets of interrogatories served by the defendants were struck in their entirety, and that portions of the third set were struck. At all times defendants maintained that the information requested was relevant to the issue of the parent-subsidiary relationship between plaintiff G.E. and GEP and GEPSPE. Defendants served further interrogatories and noticed various depositions. Because no witnesses were made available defendants moved to compel disclosure. G.E. cross-moved for summary judgment. Defendants cited the fact that neither G.E. nor the additional counterclaim defendants moved for a protective order of any kind. The additional counterclaim defendants cross-moved to dismiss the counterclaims, and the defendants cross-moved to strike the affirmative defense of lack of personal jurisdiction raised by the additional counterclaim defendants.

Initially, it should be noted that both parties state in their briefs that a trial was held on July 24 and 25, 1991, before Justice Evans, on plaintiff's main claims against the defendants. While plaintiff states simply that it is not pursuing its appeal of the portion of the order denying its motion for summary judgment on its complaint as the issue is now moot, defendant-appellant states, in its reply brief, that the trial concluded with Justice Evans directing a verdict against G.E. because it failed to prove that it had received an assignment of the claim as set forth in the complaint. Since it is apparently conceded that the plaintiff's claims in the main action have been disposed of at trial, it is clear plaintiff's appeal concerning the portion of the order which denied its motion for summary judgment is moot. Further, as defendants point out, the portion of the appeal concerning dismissal of the plaintiff's claim against Rabin individually is moot as well because of the failure of the plaintiff to prove that it received the assignment of Cartoplast Kurt Hirsch's claim.

The trial of the main claims before Justice Evans also renders moot the issue concerning whether or not the court properly granted severance of plaintiff's claims from defendants' counterclaims.

Plaintiff urges that the appeal from the reference to hear and report on the jurisdiction issue should be dismissed as non-appealable. "This court has consistently held that an order of reference is appealable *(see, Grand Cent. Art Galleries v Milstein,* 89 AD2d 178; *Drew Natl. Corp. v Goldstein,* 74

AD2d 771; *Candid Prods. v SFM Media Serv. Corp.,* 53 AD2d 943)." *(H & Y Realty Co. v Baron,* 160 AD2d 412, 413 [1st Dept 1990]), since it affects a substantial right, *(see,* CPLR 5701 [a] [2] [v]), in that it would force one party or the other to submit to a lengthy expensive hearing. *(Grand Cent. Art Galleries v Milstein,* 89 AD2d 178, 181 [1st Dept 1982], *supra.)*

Defendants make an extensive argument on the merits of the counterclaim defendants' cross-motion to dismiss the counterclaims for lack of personal jurisdiction, as well as defendants' motion to dismiss those defenses. Counsel for the plaintiff and the counterclaim defendants respond in kind. Review of the record supports the court's determination to refer the jurisdictional cross-motions to a Referee. The IAS court correctly concluded that a determination with respect to the cross-motions could not be made on the existing record. Concur—Carro, J. P., Wallach, Ross, Smith and Rubin, JJ.