(November 16, 1999)

■ In the Matter of TRAVELERS PROPERTY CASUALTY CORP., Respondent, v DANIEL FUSILLI, Appellant. [698 NYS2d 641] —Judgment, Supreme Court, New York County (Herman Cahn, J.), entered September 21, 1998, which granted petitioner's application for a stay of motorist underinsurance arbitration to the extent of holding the motion in abeyance and temporarily staying arbitration pending a hearing and report on the matter by a Special Referee, unanimously reversed, on the law, without costs, the stay vacated and the petition dismissed.

The relevant facts are not in dispute. Respondent Daniel Fusilli, while operating a 1991 Volkswagen Jetta owned by his

mother Johanna Fusilli and insured by petitioner Travelers Property Casualty Corp., sustained injury when his vehicle was struck by one driven by Manuel Martinez, Jr. The Martinez vehicle was insured by Allcity Insurance Co. under a policy issued to its owner, Manuel Martinez, Sr. Respondent's mother promptly reported the incident to Travelers, and respondent expeditiously furnished the insurer with an application for no-fault benefits.

When respondent's symptoms intensified, he retained counsel who, on May 19, 1995, filed a claim with Travelers, which acknowledged in a letter dated May 24, 1995 the "receipt of your client's claim for Loss of Earnings". Following submission of proof of disability and a physical examination, Travelers compensated respondent for lost wages for the period ending January 27, 1996.

Meanwhile in August of 1995, respondent commenced an action against the owner and operator of the Martinez vehicle alleging negligence in its operation. When no answer was forthcoming, counsel wrote to their insurer, Allcity Insurance Co., and eventually procured its verified answer, which was filed on or about January 14, 1996. Allcity continued to deny all liability for the accident and failed to respond to a notice for discovery and inspection which sought to elicit the limits of the available coverage. It was not until early July of 1997 that respondent was finally apprised that the Allcity policy afforded only the minimum $10,000/$20,000 coverage. On July 16, 1997, his attorney wrote to Travelers advising the insurer that "claim is being made at this time, for underinsured motorist benefits * * * in the sum of $100,000.00, pursuant to the provisions of Johanna Fusilli's policy." Petitioner disclaimed coverage in reliance on the notice provision of its policy, which provides that notice must be given "as soon as possible", taking the position that respondent's delay "constitutes a material violation of the above policy condition". Respondent thereupon filed a demand for arbitration under the policy, and Travelers instituted this proceeding to permanently stay arbitration, again relying on the notice provision.

Supreme Court granted a temporary stay of arbitration pending a report and recommendation by a Special Referee. The court held that whether the delay in notifying the insurer was excusable represents a question of fact on which the insured bears the burden to show that the claim was made as soon as practicable and that his actions were reasonable under the circumstances.

While we agree with Supreme Court that the recent amend-

ment to Insurance Law § 3420 (f) (2) (A), requiring an insurer to disclose within 45 days the extent of the coverage provided under its policy, is not retroactively applicable to the facts of this case, we conclude that the notice given by the insured was reasonable and timely as a matter of law. We also reject the position of the insurer that no appeal lies because the referral of this matter toa Referee does not affect a substantial right of a party (*New York State Crime Victims Bd. v Abbott*, 212 AD2d 22, 28; *see also, General Elec. Co. v Rabin*, 177 AD2d 354, 356), particularly in view of its concession that the parties advised Supreme Court that "this matter presented an issue of law that could be determined on the papers submitted."

This dispute is governed by the Court of Appeals' recent decision in *Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso* (93 NY2d 487), which is dispositive of the issue presented. Petitioner essentially concedes that respondent discovered the limits of the Allcity policy on or about July 1, 1997 and gave notice of his claim to Travelers on July 16, 1997. A provision requiring notice to be given " 'as soon as practicable' " is construed to mean that "the insured must give notice with reasonable promptness after the insured knew or should reasonably have known that the tortfeasor was underinsured" (93 NY2d, *supra*, at 495). Although Travelers speculates that respondent might have learned about the coverage afforded by the Allcity policy at an earlier time had his attorney been more aggressive in pursuing the matter, the record reflects that counsel was diligent in requesting the information, and there is nothing to indicate that further requests would have produced the information sought any sooner. Concur—Ellerin, P. J., Wallach, Lerner, Rubin and Buckley, JJ.