■ HERMITAGE INSURANCE COMPANY, Appellant, v REBECCA ALOMAR, Respondent. [754 NYS2d 15] —Judgment, Supreme Court, New York County (Edward Lehner, J.), entered on or about March 18, 2002, which denied petitioner insurance carrier's application to stay a supplementary uninsured/underinsured motorist (SUM) arbitration demanded by respondent claimant, and directed the parties to proceed to arbitration, unanimously affirmed, with costs.

The IAS court correctly found that the claimant's first written notice of claim under the SUM endorsement, i.e., her demand for arbitration, was given "as soon as practicable" as required by the SUM endorsement. In the underinsurance context, a policy requirement that notice be given "as soon as practicable" means notice given with reasonable promptness after the insured knew or should reasonably have known that the tortfeasor was underinsured (*Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso*, 93 NY2d 487). Here, the claimant was injured in August 2000 while a passenger on a motorcycle operated by the carrier's insured. It appears that the carrier did not learn of the personal injury action that the claimant had brought against the motorcycle driver until January 2001, when it received a copy of the motion for a default judgment that the claimant made against him in that action. The carrier thereupon immediately sent a letter to the motorcycle driver, with a copy to the claimant, stating that it was providing "no coverage" for the accident "because of multiple breaches of the policy provisions pertaining to timely notice." This disclaimer

letter caused the claimant to seek underinsured benefits from the Motor Vehicle Accident Indemnification Corporation (MVAIC), but, in June 2001, MVAIC rejected the claim on the ground that the motorcycle driver's policy provided SUM coverage that was triggered by the carrier's disclaimer of coverage for lack of cooperation. It was only then that the claimant, who was not the owner of the policy and had no opportunity to discover its contents because of the motorcycle driver's default in the personal injury action, could have reasonably known of the existence of the SUM coverage in that policy (*cf. Eveready Ins. Co. v Schwartzberg*, 203 AD2d 101; *Matter of Travelers Prop. Cas. Corp. v Fusilli*, 266 AD2d 48, 50). Accordingly, the claimant's service of a demand for arbitration on the carrier in June 2001, immediately after MVAIC's denial of underinsured benefits, was undertaken as soon as practicable. Concur—Andrias, J.P., Ellerin, Lerner, Friedman and Marlow, JJ.