| |
|---|
| **Kosovsky v Kosovsky** |
| 2026 NY Slip Op 30696(U) |
| March 2, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 154893/2019 |
| Judge: Paul A. Goetz |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT: **HON. PAUL A. GOETZ**      PART     47

*Justice*

-------------------------------------------------------------------------------X

GERTRUDE KOSOVSKY,

                Plaintiff,

        - v -

KAREN KOSOVSKY,

                Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 154893/2019 |
| MOTION DATE | 05/13/2025 |
| MOTION SEQ. NO. | 009 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 009) 237, 238, 239, 240, 241, 242, 243

were read on this motion to/for        CONFIRM/DISAPPROVE AWARD/REPORT    .

Upon the foregoing documents, it is

      ORDERED AND ADJUDGED that the branch of defendant's motion pursuant to CPLR § 4403 to reject the amended Special Referee report dated April 28, 2025 (NYSCEF Doc No 233) awarding 1) plaintiff attorneys' fees, 2) alternate living expenses, 3) moving fees, 4) an adjustment of maintenance fees, and 5) payment for certain personal property is granted to the extent that the following awards in the Special Referee report are rejected: 1) the award of attorneys' fees in the amount of $128,328.25 for which the referee and plaintiff did not provide a legal basis for granting is rejected since "attorneys' fees are [ ] incidental to litigation and may not be recovered unless supported by statute, court rule or written agreement of the parties" (*Flemming v Barnwell Nursing Home & Health Facilities, Inc.*, 15 NY3d 375, 379 [2010]) and the word "costs" in [RPAPL 981] refers only to court costs and *not* attorneys' fees and other litigation expenses" (*Moskowitz v Wolchok*, 126 AD2d 463, 464 [1st Dept 1987] [emphasis in original]) and "[t]he statute governing the award of costs and expenses in a partition action, RPAPL § 981 does not provide for an award of counsel fees as an incident to an extra allowance

154893/2019 KOSOVSKY, GERTRUDE vs. KOSOVSKY, KAREN
Motion No. 009

Page 1 of 4

[* 1]

under CPLR § 8303 (1993 WL 591474 [Nassau Co SC 1993]; *citing Fleming v Lundy*, 156 AD2d 965, 966 [4th Dept 1989]) and further there is no court rule or written agreement allowing for an award of attorneys' fees; 2) the award of living expenses in the amount of $209,559.96 while plaintiff provided proof of hotel expenses paid by her on defendant's behalf (NYSCEF Doc No 170, 171) plaintiff testified that her insurance company paid plaintiff for the hotel stays (NYSCEF Doc No 187 p 82-84, 87, 92); 3) the award of moving fees in the amount of $5,087 since the Special Referee report does not cite to any evidence in the record and plaintiff in opposition to this motion merely states without documentary support that she paid a moving company on defendant's behalf (NYSCEF Doc No 240); 4) the award of an adjustment of maintenance fees in plaintiff's favor because while plaintiff argues that she did not have access to the apartment from January 2015 to April 2019, and although the Special Referee only discusses two incidents of denial she does not explain how she determined/calculated defendant owes plaintiff $34,000 in maintenance fees, and there is no additional support in the record for plaintiff's position that her access to their shared apartment was blocked and that she suffered any damages as a result; 5) the award of $14,500 for personal property in plaintiff's favor because while plaintiff claims defendant sold or gave away items that the parties' jointly owned in their shared apartment, there is insufficient support in the record substantiating plaintiff's claim and the referee did not explain how she determined/calculated defendant owes plaintiff $14,500 for the alleged disposition of personal property; and it is further

ORDERED AND ADJUDGED that the branch of defendant's motion pursuant to CPLR § 4403 to confirm the remainder of the of the amended Special Referee report dated April 28, 2025 is granted and

154893/2019   KOSOVSKY, GERTRUDE vs. KOSOVSKY, KAREN                    Page 2 of 4
Motion No.  009

[* 2]                                         2 of 4

the remainder of the Special Referee report dated April 28, 2026 is confirmed and the sale is ratified and that the said sale be firm and effectual forever; and it is further

ORDERED AND ADJUDGED that the Special Referee shall pay to himself/herself as Special Referee in accordance with the August 16, 2021 Interlocutory Judgment and Order of Partition and Sale (NYSCEF Doc 154) from the proceeds of the sale held in escrow by the Special Referee; and it is further

ORDERED AND ADJUDGED that the Special Referee shall then divide the balance that remains in escrow after the foregoing deductions and payments and shall pay one-half thereof to the plaintiff as his/her share of the proceeds of the partition sale and shall pay one-half thereof to the defendant as his/her share of the proceeds of the partition sale; and it is further

ORDERED that the parties shall provide the Special Referee with receipts for the sums paid to them as herein provided and the Special Referee shall file them with his/her final report; and it is further

ORDERED AND ADJUDGED that the Special Referee shall execute and provide to the purchaser at the auction sale a deed to the property sold thereat upon the purchaser's complying with all of the terms of the sale upon the basis of which the sale was made; and it is further

ORDERED AND ADJUDGED that the said purchaser shall be let into possession of the property sold and the parties hereto and anyone claiming under a party who has possession of the property or any portion thereof shall deliver possession thereof to the purchaser upon the purchaser's presentation of the Special Referee's deed to the property; and it is further

ORDERED that the Special Referee shall make a report of his/her proceedings pursuant to this Final Judgment promptly after the completion thereof and shall file same with the Clerk of the Court; and it is further

154893/2019   KOSOVSKY, GERTRUDE vs. KOSOVSKY, KAREN
Motion No.  009

Page 3 of 4

ORDERED that such filing with the Clerk of the Court shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website)].

20260302150810PGOETZ62DE789289D547289CA4A20375FF5A05

| 3/2/2026 | | | | |
|---|---|---|---|---|
| **DATE** | | | **PAUL A. GOETZ, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | DENIED | X GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

154893/2019   KOSOVSKY, GERTRUDE vs. KOSOVSKY, KAREN
Motion No.  009

Page 4 of 4

[* 4]