Louis L. Friedman, J.
The claimant, injured on August 26, 1961, while a passenger in an alleged uninsured motor vehicle, seeks leave as a qualified person to file a late notice of claim against the Motor Vehicle Accident Indemnification Corporation, hereinafter referred to as MVAIC (Insurance Law, § 608). The facts supporting the application are brief. To date claimant has been unable to ascertain whether the offending vehicle was covered by liability insurance. The owner operator of the vehicle resides in Delaware, where the automobile is registered. While the claimant herein is referred to as the petitioner, actually the affidavit submitted in support of the application is made and verified by the attorney for the injured party. The affidavit states that at the time of the accident, which took place in this borough, the claimant was informed by the owner-operator that the vehicle was insured. Claimant’s attorney has been unsuccessful in his attempts to confirm that fact.
A preliminary objection has been raised regarding the timeliness of this application. MVAIC asserts that the proceeding was brought 122 days from the accrual of the cause of action instead of within 120 days. This special proceeding was commenced by the service of the notice of motion and supporting affidavit on December 26,1961, by personal service upon MVAIC. The calendar day on which the occurrence took place is excluded from the reckoning (General Construction Law, § 20). The 120th day from the accrual, being the last day and falling on a Sunday, December 24, is excluded from the period of reckoning (General Construction Law, § 25-a; Matter of Fay v. Boyland, 18 Misc 2d 150; see, also, Stella v. James J. Farley Assn., 204 Misc. 998, 1002, affd. 284 App. Div. 873). The next succeeding day, December 25, being a public holiday (General Construction Law, § 24), it is likewise excluded under section 25-a. The court therefore concludes that the application was timely made.
The court finds that the claimant has failed to submit any legal ground warranting the exercise of judicial discretion. The language of the statute which created the cause of action which claimant ultimately seeks to assert, clearly limits the court in the use of its discretion to situations where the grounds alleged are authorized (Rosante v. Copenhaver, 15 A D 2d 825).
The court is bound by the clear holding in the Rosante case. The Appellate Division in that case, while affirming the result reached by Special Term in denying leave, based its determination upon a different ground, to wit: Failure to base the application upon one of the statutory grounds: Infancy, disability or death (Insurance Law, § 608). An examination of the record *50 on appeal in the Rosante case reveals that the facts there are indistinguishable from those in the instant proceeding. The Rosante application was based upon the difficulties experienced by the claimant in the investigation and determination of the same elusive question of insurance coverage on the offending vehicle. The Appellate Division specifically held that the “ record fails to disclose that the petitioner or applicant ‘ is an infant or is mentally or physically incapacitated or is deceased, and by reason of such disability or death * * * [was] prevented from filing the affidavit [as provided in the statute] ’ (Insurance Law, § 608, subd. [c]).”
While more discretion should be exercised in the court in permitting the filing of late notices of claim under circumstances such as these, the authorization to do so must come from the Legislature and not by way of judicial interpretation. Since the court is powerless to grant the relief requested, the motion is in all requests denied.