## (June 23, 1964)

■ In the Matter of VIRGILIO RIVERA, Respondent, v. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.— Order, entered on June 19, 1963, granting claimant-respondent's motion to direct the Motor Vehicle Accident Indemnification Corporation to accept a notice of claim pursuant to section 608 of the Insurance Law unanimously reversed, on the law, without costs, and the motion is denied. Concededly, claimant is a "qualified person". As such, claimant's rights are derived solely from the statute and are, therefore, subject to whatever conditions precedent the statute prescribes (see *Matter of Brown* [*MVAIC*], 24 Misc 2d 550). The statute applicable herein, subdivision (a) of section 608 of the Insurance Law, prescribes that the required notice of claim must be filed with the Motor Vehicle Accident Indemnification Corporation within 90 days of the accrual of the claim. Claimant's affidavit indicates that a minimum of 10 months elapsed before any notice of claim was filed with appellant. Noncompliance with the 90-day condition precedent is not excused by either difficulty in determining the existence of insurance coverage (*Matter of Jefferson* v. *MVAIC*, 34 Misc 2d 48) or administrative delay in informing claimant of the fact of noninsurance (*Matter of Johnson* v. *MVAIC*, 218 N. Y. S. 2d 289). In any event, the court was without power in the instant case to grant relief due to claimant's failure to move the court within 120 days (Insurance Law, § 608; *Matter of Glaudel* v. *MVAIC*, 17 A D 2d 828). Concur — Botein, P. J., McNally, Eager, Steuer and Staley, JJ.