■ In the Matter of NASSAU INSURANCE COMPANY, Appellant, v JULIAN DOYLE et al., Respondents.—In a proceeding pursuant to CPLR article 75 for a permanent stay of arbitration of an uninsured motorist claim, petitioner appeals from a judgment of the Supreme Court, Nassau County (Burke, J.), dated March 5, 1984, which denied its petition.

Judgment reversed, on the law, with costs, and petitioner's application for a permanent stay of arbitration granted.

Respondents sustained injuries in an automobile accident on June 15, 1981. At the time of the accident, they were passengers in a taxicab which was insured by petitioner. By letter dated April 25, 1983, respondents formally notified petitioner of their intent to make a claim against Sketch Cab Co., petitioner's insured, under the uninsured motorist provision of the underlying policy. Petitioner promptly rejected the claim as time barred and respondents filed a demand for arbitration in November 1983.

Although respondents acted promptly in retaining counsel and procuring a copy of the police accident report, counsel's subsequent delay in notifying petitioner of their claim was patently excessive. While a claimant's failure to give any notice required by an insurance policy within the time prescribed therein does not invalidate his claim provided it is shown not to have been reasonably possible to give such notice within the prescribed time and that notice was afforded as soon thereafter as was reasonably possible (Insurance Law

former § 167 [1] [d], now § 3420 [a] [4]), no such showing was made in the instant case. After ascertaining that the other vehicle involved in the accident had not been registered in New York, respondents' counsel failed to pursue his investigative efforts with the New Jersey Division of Motor Vehicles until early 1983. Moreover, respondents had been notified, in September 1981, that the alleged owner of the subject vehicle had never registered that vehicle. Notwithstanding this knowledge, respondents appear from the record to have taken no further action with regard to their claim until January 1983. Under the circumstances, respondents did not exhibit the requisite degree of diligence in investigating the tortfeasor's insurance coverage to come within the ambit of the saving clause (see, Matter of Lloyd [MVAIC], 23 NY2d 478, 482). Noncompliance with the 90-day condition precedent is not excused by either difficulty in ascertaining the existence of coverage or administrative delay in informing a claimant of the fact of noninsurance (Matter of Rivera v MVAIC, 21 AD2d 775). On these facts, respondents' notice of claim was untimely as a matter of law (see, Matter of Shehata [Government Employees Ins. Co.], 66 AD2d 821; Matter of Acevedo v MVAIC, 56 AD2d 817; cf. Matter of American Sec. Ins. Co. [Novoa], 97 AD2d 541).

Respondents' claim is not saved by the fact that petitioner was promptly notified once the results of the New Jersey investigation were revealed. The law requires that "a claimant should be at least as diligent in initially endeavoring to find out whether [a] car is insured as he is after discovering there is no insurance" (Matter of Kauffman [MVAIC], 25 AD2d 419).

Accordingly, it was error for Special Term to have denied petitioner's application for a permanent stay of arbitration. Mangano, J. P., Bracken, O'Connor and Weinstein, JJ., concur.