In the Matter of ALLSTATE INSURANCE COMPANY, Respondent, v PAUL M. KASHKIN, Appellant.—In a proceeding pursuant to CPLR article 75 to stay arbitration, the appeal is from a judgment of the Supreme Court, Rockland County (Meehan, J.), dated September 16, 1986 which, after a hearing, granted the application.

Ordered that the judgment is affirmed, with costs.

The appellant's decedent was the victim of a hit-and-run accident on April 19, 1985. The court found, based upon the

evidence adduced at the hearing, that oral notification was provided to the respondent, Allstate Insurance Company, on September 10 or 12, 1985, and written notice was mailed on November 5, 1985. The insurance policy required that written notice be provided within 90 days. Thus, the court held that timely notice had not been provided. We agree.

An insured must give notice to his or her insurer within the time limit provided in the insurance policy or within a reasonable time under all the circumstances *(see, Security Mut. Ins. Co. v Acker-Fitzsimons Corp.,* 31 NY2d 436; Insurance Law § 3420). Absent a valid excuse, failure to satisfy the notice requirement in an insurance policy vitiates coverage *(Security Mut. Ins. Co. v Acker-Fitzsimons Corp., supra; State Farm Mut. Auto Ins. Co. v Romero,* 109 AD2d 786).

In this case, the appellant failed to establish a valid excuse for the failure to comply with the notice requirements of the policy in question, and the application to permanently stay arbitration was, therefore, properly granted. Mangano, J. P., Bracken, Lawrence and Kooper, JJ., concur.