■ In the Matter of HOME INDEMNITY COMPANY, Appellant, v JOSEPH MESSANA, Respondent.—In a proceeding pursuant to CPLR article 75 to stay arbitration, the petitioner appeals from an order of the Supreme Court, Suffolk County (Saladino, J.), entered March 13, 1987, which denied the petition.

Ordered that the order is reversed, on the law, with costs, and the petition is granted.

On September 4, 1984, the respondent was involved in an automobile accident with a car driven by Deborah Wyman and a van which fled the scene. By letter dated October 18, 1984, the respondent's attorney informed the petitioner that the respondent was making an uninsured motorist claim and was applying for no-fault insurance benefits. A demand for arbitration was served on the petitioner on December 11, 1986. By notice of petition dated December 24, 1986, the petitioner moved to stay the arbitration upon the ground that the respondent failed to comply with the contract sought to be arbitrated. The petitioner contended that the respondent failed to file with it, within 90 days after the accident, a statement under oath that the insured or his legal representative had a cause or causes of action arising out of the accident for damages against a person or persons whose identity was unascertainable.

We find that the Supreme Court erred in denying the petition and refusing to stay arbitration. The respondent failed to comply with the condition precedent to coverage under the uninsured motorist endorsement of his automobile policy which required that he file a statement under oath within 90 days of the accident. No reasonable excuse for that failure has been provided nor does the respondent contest the fact that the statement was not filed. The fact that the petitioner may have received some notice of the accident does not vitiate the breach of the policy requirement. Arbitration should have been permanently stayed as there is no issue of

fact requiring determination *(see, Gizzi v State Farm Mut. Ins. Co.,* 56 AD2d 973; *Matter of Cuzdey [American Motorists Ins. Co.],* 45 AD2d 134, *affd* 37 NY2d 939; *Matter of Travelers Ins. Co. [Ford],* 103 Misc 2d 1005; *cf., Matter of Prudential Prop. & Cas. Ins. Co. [De Blasio],* 84 AD2d 551). Kunzeman, J. P., Eiber, Spatt and Sullivan, JJ., concur.