■ EVEREADY INSURANCE COMPANY, Appellant, v JOHNNY SAUNDERS, Respondent.—In a proceeding pursuant to CPLR article 75, the petitioner Eveready Insurance Company appeals from an order of the Supreme Court, Kings County (Shaw, J.), dated March 30, 1988, which denied its petition for a stay of arbitration.

Ordered that the order is reversed, on the law, with costs, and the application to permanently stay arbitration is granted.

On November 1, 1985, the respondent, while a pedestrian,

was struck and injured in a hit-and-run motor vehicle accident. Within a few weeks thereof, the respondent had retained an attorney who processed the matter as a hit-and-run accident and filed a claim for no-fault benefits with the Motor Vehicle Accident Indemnification Corporation (hereinafter MVAIC). However, neither the respondent nor his attorney informed the petitioner, who had issued an automobile liability insurance policy to the respondent prior to the accident, until February 1986, nearly four months after the accident. The policy contains a provision requiring that in the event of a hit-and-run accident, "the insured or someone on his behalf * * * shall have filed with the company within 90 days thereafter a statement under oath that the insured or his legal representative has a cause or causes of action arising out of such accident".

The governing principle is that an insured must give notice to his or her insurer within the time limit provided in the insurance policy or within a reasonable time under all the circumstances, and that absent a valid excuse, failure to satisfy the notice requirement vitiates coverage *(see, Matter of Allstate Ins. Co. v Kashkin,* 130 AD2d 744; *Matter of Cuzdey [American Motorists Ins. Co.],* 45 AD2d 134, *affd* 37 NY2d 939; Insurance Law § 3420). Since the respondent had retained counsel shortly after the accident and had timely filed a notice with MVAIC, there is no logical reason for the attorney's failure to inquire of the respondent as to the existence of insurance coverage and to timely notify the petitioner insurance company of the accident *(see, Matter of Shehata v Government Employees Ins. Co.,* 66 AD2d 821; *Mason v Allstate Ins. Co.,* 12 AD2d 138). Kunzeman, J. P., Kooper, Sullivan and Balletta, JJ., concur.