■ In the Matter of the Arbitration between ST. PAUL FIRE & MARINE INSURANCE COMPANY, Respondent, and VANGUARD SYSTEMS RESOURCES, INC., et al., Appellants.—Judgment of the Supreme Court, New York County (Robert E. White, J.), entered on or about March 1, 1988, which granted the petition to permanently stay arbitration, unanimously reversed, on the law and the facts, with costs, and the matter remanded to IAS Part 40 for a hearing as to whether there was contact between the claimant's vehicle and the alleged hit-and-run vehicle and whether the location of the arbitration requested in the demand was proper.

The essential facts of this matter have been stipulated by the parties. Petitioner insured a vehicle owned by the corporate respondents and driven by respondent Ellen Sue Hattenbach which was involved in a collision at the entrance to exit 8 on Interstate 95 in Stamford, Connecticut, on November 10, 1983. Ms. Hattenbach claimed benefits under the no-fault endorsement of the insurance policy, sending a completed application to petitioner dated November 30, 1983. Her application states, "As I was about to enter the first of the three driving lanes a car from the rear hit me and I skidded on the wet pavement into the car in front of me. It was dark and raining heavily with very heavy slow moving traffic. Both the car that hit me and the car I slid into continued on in traffic and proceeded without stopping. I could not stop on the bridge area and reported the accident as soon as I could get to the phone calling [sic] the state police." By letter dated November 9, 1984, Ms. Hattenbach's attorney claimed benefits on her behalf under the uninsured motorist endorsement to the policy. Petitioner responded by letter dated November 12, 1984 stating, "Per Connecticut Statute there has to be evidence of rear end damage to the claimant's vehicle. In view of the above we cannot entertain an uninsured motorist claim as stated in your letter." Counsel thereupon mailed to petitioner a demand for arbitration dated December 6, 1984.

The petition alleges that "the necessary condition precedent of contact between the vehicles" has not been established, the demand for arbitration is not timely and the location requested for the arbitration hearing is improper. The parties stipulated to a preliminary trial of these issues before the court, which determined that the arbitration demand was untimely and did not reach the other issues.

Neither the uninsured motorist endorsement nor the provisions of the policy as a whole specifies any time within which a demand for arbitration pursuant to that endorsement must be submitted to the carrier. Petitioner, however, argues that the provisions of Insurance Law § 5208, governing claims against the Motor Vehicle Accident Indemnification Corporation (MVAIC), must be read into its uninsured motorist endorsement. This section requires that a notice of claim be filed within 90 days of receipt by the claimant of a notice from the insurer disclaiming coverage "as a condition precedent to the right to apply for payment from the corporation".

Petitioner's contention is without merit. We cannot agree that a carrier whose insured complies with the requirements for filing a notice of claim contained in the policy can never-

theless deprive her of recovery for her loss by invoking notice requirements it has omitted from the policy. While the Insurance Law requires the inclusion of an uninsured motor vehicle provision in the policy (Insurance Law § 3420 [f] [1]), the obligation of the insurer is governed by the contract of insurance, not by statute *(State Farm Mut. Auto Ins. Co. v Basile,* 48 AD2d 868). Moreover, the right to invoke the statutory condition of notice of intention to file an uninsured motorist claim is limited to MVAIC, the entity to which its benefit extends (Insurance Law § 5208), and petitioner is without standing to raise the bar of untimeliness pursuant to this provision. Even if we were to accept petitioner's contention that it is entitled to the protection of Insurance Law § 5208, the statutory notice requirement and the policy notice provisions would then be in conflict. Therefore, the construction suggested by the carrier merely raises a potential ambiguity which must be resolved against the carrier as draftsman of the policy *(Insurance Co. v Dayton Tool & Die Works,* 57 NY2d 489, 499; *Thomas J. Lipton, Inc. v Liberty Mut. Ins. Co.,* 34 NY2d 356). Finally, the insured is entitled to rely on the notice provisions contained in the policy and where, as here, such reliance operates to her detriment, a classic case of estoppel in pais is made out *(Triple Cities Constr. Co. v Maryland Cas. Co.,* 4 NY2d 443). In a case on point, it was held that as a result of the omission of the 90-day notice provision from the uninsured motorist endorsement, the insured was not bound to comply with its terms *(Timbone v Stuyvesant Ins. Co.,* 51 Misc 2d 916).

It should be noted that the application for no-fault benefits filed with the insurer by Ms. Hattenbach clearly stated that the vehicles she collided with "continued on in traffic and proceeded without stopping." Likewise, the police accident report identified these vehicles as "unknown". It is therefore apparent that the carrier had actual notice of the involvement of hit-and-run drivers well within the 90-day period following the date of the accident. Concur—Sullivan, J. P., Ross, Kassal, Ellerin and Rubin, JJ.