In the Matter of MERCHANTS MUTUAL INSURANCE COMPANY, Appellant, v CHARLES HURBAN, Respondent.—In a proceeding pursuant to CPLR article 75 to stay arbitration, the petitioner Merchants Mutual Insurance Company appeals from a judgment of the Supreme Court, Suffolk County (Tanenbaum, J.), entered February 17, 1989, which denied its application.

Ordered that the judgment is reversed, on the law, with costs, and the application to permanently stay arbitration is granted.

On January 25, 1985, the claimant, a minor, while driving a motorcycle, was struck and injured by an automobile driven by Deborah Horbert and owned by Paul Horbert. On August 2, 1985, the claimant commenced an action seeking to recover damages, and on December 16, 1987, the Horberts' insurer informed the claimant's counsel that it would tender its full policy limit of $100,000 in full settlement of the claim. Immediately thereafter, the claimant informed the petitioner that he was asserting a claim for underinsurance coverage pursuant to his father's policy. The petitioner argues that the notice was untimely. We agree.

An insured must give notice to his or her insurer within the time limit provided in the policy or within a reasonable time under all of the circumstances *(see, Security Mut. Ins. Co. v Acker-Fitzsimons Corp.,* 31 NY2d 436; *Eveready Ins. Co. v Saunders,* 149 AD2d 456; *Matter of Allstate Ins. Co. v Kashkin,* 130 AD2d 744). Where, as here, the claimant offers no valid excuse for the almost three-year delay in asserting the claim for coverage, the claimant's notice was untimely as a matter of law, and the failure vitiates coverage *(see, Security Mut. Ins. Co. v Acker-Fitzsimons Corp., supra; Matter of Nassau Ins. Co. v Doyle,* 114 AD2d 899). As such, it was error to dismiss the petition to stay arbitration. In light of this deter-

mination, it is unnecessary to consider the claimant's remaining contentions. Rubin, J. P., Balletta, Rosenblatt and Miller, JJ., concur.