■ CHRISTOPHER SCHIEBEL, as Father and Natural Guardian of BRIAN SCHIEBEL, an Infant, Appellant, v NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent.—In an action for a judgment declaring that the defendant Nationwide Mutual Insurance Company is required to provide underinsurance coverage to the plaintiff, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Brucia, J.), entered March 8, 1989, which, after a nonjury trial, was in favor of the defendant, dismissing the plaintiff's complaint.

Ordered that the judgment appealed from is modified, by adding thereto a provision declaring that the defendant is not required to provide underinsurance coverage to the plaintiff; as so modified, the judgment is affirmed, with costs to the defendant.

On June 30, 1986, the plaintiff's son, Brian Schiebel, a minor, was struck and injured by an automobile driven by Robert Chafer and owned by Delores Chafer while riding a bicycle. On July 9, 1986, the plaintiff's attorney notified the Chafer's insurer, Allstate Insurance Co., of their claim for damages and, more than six months later, on January 28, 1987, the plaintiff's attorney learned that the offending vehicle's liability insurance coverage was limited to $10,000 per person, and $20,000 per incident. This information was confirmed by letter from Allstate on February 12, 1987. Thereafter on February 25, 1987, the plaintiff's attorney informed the defendant insurer, Nationwide Mutual Insurance Company, that he was claiming underinsurance coverage pursuant to his policy. The defendant argues that the notice was untimely, as it was given more than six months after the accident, i.e., more than three months beyond the 90-day period provided in the policy. We agree.

As we have recently stated, an insured must give notice to his or her insurer within the time limit provided in the policy or within a reasonable time under all the circumstances (see, Matter of Merchants Mut. Ins. Co. v Hurban, 160 AD2d 873; see also, Security Mut. Ins. Co. v Acker-Fitzsimons Corp., 31 NY2d 436; Eveready Ins. Co. v Saunders, 149 AD2d 456). Where, as here the claimant offers no valid excuse for the more than seven-month delay in asserting the claim for coverage, the plaintiff's notice was untimely as a matter of law, and the failure vitiates coverage (see, Security Mut. Ins.

*Co. v Acker-Fitzsimons Corp., supra; Matter of Nassau Ins. Co. v Doyle,* 114 AD2d 899).

In light of this determination, it is unnecessary to consider the plaintiff's remaining contentions. Bracken, J. P., Kunzeman, Eiber and Harwood, JJ., concur.