OPINION OF THE COURT
Ralph Yachnin, J.
Ordered that this petition by petitioner Eagle Insurance Company (Company), by notice of petition, dated June 6, 1990, for an order permanently staying uninsured motorist arbitration between the Company and respondent Gansafar Chowdhury (Chowdhury), on the ground that Chowdhury failed to give requisite notice of the accident to the Company by affidavit within 90 days thereof and on the further ground that there was no physical contact between the vehicle driven by Chowdhury and anyone else, is disposed of as follows:
This matter requires a hearing. The hearing shall take place on December 5, 1990, at 9:30 a.m. before the Justice presiding at Trial Assignment Part II (TAP II). Petitioner shall serve and file a note of issue on or before November 28, 1990 and serve a copy of this order on adversary counsel and the clerk of TAP II forthwith.
Failure to Send Sworn Notice Statement to Company: Chowdhury was the driver of the taxicab insured by the Company at the time of the alleged accident on June 17, 1989. There is no dispute that Chowdhury did not file "with the company within 90 days [after the accident] a statement under oath that the insured or his legal representative has a cause or causes of action arising out of such accident for damages against a person or persons whose identity is unascertainable and setting forth the facts in support thereof’ (emphasis supplied). On the other hand, there is also no contradiction of Chowdhury’s allegation that a letter dated August 25, 1989, was sent by his counsel, or that the Company responded by letter, dated October 6, 1989. In counsel’s August 25th letter, he stated as follows:
*229 "Please be advised that we represent Mr. Chowdhury who was seriously injured when the vehicle he was operating was struck by another vehicle.
"The other vehicle fled the scene and was unidentified.
"Please be advised that we will have to proceed under the uninsured indorsement of your insured’s policy.
"Please forward no-fault correspondence to this office.”
The letter, which was sent by certified mail, return receipt requested, was received by the Company on August 30th.
Without mentioning the August 25th letter, the Company responded as aforesaid, by letter, dated October 6, 1989, a mere few weeks after the 90-day period provided for in the policy. In the Company’s letter, it asked that Chowdhury’s counsel send it "medical reports, medical bills, property damage bills and verification of all specials with respect to the above captioned matter.” It also states that it won’t "undertake settlement discussions until full verification is contained in” its file and that "our mutual interests, in a speedy evaluation toward disposition of this claim, warrants [Chowdhury’s counsel’s] prompt attention.” The letter was signed by a representative of the Company’s claims department.
Not until this application was made shortly after the demand for arbitration was received by the Company on May 18, 1990, did the Company make any claim that the failure to serve a sworn statement barred recovery under the policy’s uninsured motorist provisions. In other words, not until about eight months later.
In seeking a permanent stay, the Company relies principally on Matter of Home Indem. Co. v Messana (139 AD2d 513 [2d Dept 1988]). In that case, an insured attempted to invoke the uninsured motorist provisions of her policy. By letter, her attorney had informed the carrier that she was making a claim, and she thereafter served a demand for arbitration. The carrier moved to stay arbitration upon the ground that she failed to file a statement under oath within the 90-day period provided for in the policy. The Appellate Division reversed the Supreme Court’s denial of a stay on the ground that the insured failed to comply with the condition precedent to coverage in that she failed to file the statement under oath within 90 days and failed to give an excuse for that failure. Indeed, the appellate court went so far as to state that "The fact that the [carrier] may have received some notice of the *230 accident does not vitiate the breach of the policy requirement” (supra, at 513).
In the case now before this court, there are several factors not present in the Messana case (supra): (1) the party seeking arbitration is not the insured but rather a third party not having possession of the policy; (2) the claimant, Chowdhury, not only sent the Company a letter notice which the Company received and accepted without complaint, the Company thereafter sought additional information from Chowdhury, again without any mention of a sworn statement; (3) by failing to notify Chowdhury of a requirement that a sworn statement was required, although it could have done so within the 90-day period or even reject the notice as being insufficient, the Company misled Chowdhury.
The Company had an obligation to act in good faith. "There is implicit in all contracts — for book publishing or house building — an implied covenant of fair dealing and good faith * * * 'in every contract there exists an implied covenant of good faith and fair dealing’ ” (Van Valkenburgh, Nooger & Neville v Hayden Publ. Co., 30 NY2d 34, 45 [1972]). Having been notified of the accident by one other than its named insured, the taxi company, good faith required it to notify Chowdhury if it wanted compliance with the contract, rather than waived it.
In addition, two sections of the Insurance Law seem relevant here, section 3420 (a) (4) and (d). In the former, the law requires that the policy contain a provision that the failure to give notice required by the policy within the time prescribed therein is not to invalidate a claim "if it shall be shown not to have been reasonably possible to give such notice within the prescribed time and that notice was given as soon as was reasonably possible.” In the latter, section 3420 (d), the carrier is required to "give written notice as soon as is reasonably possible of [any] disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant.” If Chowdhury didn’t have the policy, and if the Company did not send him a copy immediately after notice of his claim was given to the carrier, and the Company misled him into believing he had properly given notice by reason of its failure to reject such notice, it would be difficult, if not impossible for him to know that his claim had to be verified. Moreover, again, it does not appear here that upon receiving Chowdhury’s claim the carrier gave any disclaimer notice whatsoever.
*231 In view of the foregoing, this court will not grant a permanent stay of arbitration to the Company on this ground.
Alleged Absence of Physical Contact: The Company alleges that because the police report does not allege that there was physical contact between Chowdhury’s vehicle and a hit-and-run vehicle before Chowdhury’s vehicle slid off the road and hit a guardrail, Chowdhury is precluded from recovering under the uninsured motorist provision of the policy. Chowdhury counters that the police officer made a mistake; that Chowdhury said right at the accident scene, before being taken away in an ambulance, that he was hit by another vehicle before his car went out of control; and that other reports show his allegation of physical contact.
Insurance Law § 3420 (f) (3) specifically provides that physical contact is required before uninsured motorist protection is required. The policy also requires physical contact before the "Automobile Accident Indemnification Coverage — New York” provision becomes effective. In Matter of Empire Mut. Ins. Co. (Zelin) (120 AD2d 365, 366 [1st Dept 1986]), cited by the Company, the court states: "Where there is a genuine triable issue with regard to whether the claimant’s vehicle actually came into contact with a hit-and-run vehicle, the appropriate procedure is to stay arbitration pending a trial of the threshold issue”.
There is a genuine factual issue here as to whether there was physical contact between Chowdhury’s vehicle and another vehicle prior to Chowdhury’s vehicle’s impact with the guardrail. Thus, a hearing must be held.
Arbitration pursuant to demand for arbitration, dated May 1, 1990, sent by Chowdhury to the Company, is hereby stayed until the hearing and determination is made on the preliminary issue of physical contact.