■ EDWARD ELKOWITZ, Respondent, v FARM FAMILY MUTUAL INSURANCE COMPANY et al., Appellants.—In an action for a judgment declaring the rights of the parties with respect to a policy of insurance, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Wager, J.), dated March 22, 1990, as, upon reargument, adhered to an original determination made in an order of the same court, dated November 29, 1989, denying their motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the order dated November 29, 1989, is vacated, the defendants' motion is granted, and it is declared that the appellant Farm Family Mutual Insurance Company has no duty to defend or indemnify the plaintiff with respect to an accident which occurred on June 8, 1986.

On June 8, 1986, the plaintiff's son operated a tractor on the plaintiff's farm, and caused his girlfriend to sustain personal injuries. The plaintiff learned of the accident within one week of its occurrence. A farmowner's property insurance policy issued by the appellant Farm Family Mutual Insurance Company (hereinafter Farm) was in effect at the time of the accident. The plaintiff testified at his deposition that he read the entire policy when it was issued to him in 1984. The policy requires written notice to the Insurer or its agent "as soon as possible" when an accident results in bodily injury.

Written notice of the accident was not forwarded to Farm until 10 months later on April 9, 1987. Based upon the lateness of that written notice, Farm denied coverage in August 1987. The plaintiff then commenced this action for a judgment, inter alia, declaring that Farm has a duty to defend, and, if necessary, indemnify the plaintiff.

The defendants moved for summary judgment. In opposition, the plaintiff claimed that he had provided Farm's agent, the defendant Jacqueline Rauf, with oral notice of the acci-

dent. The plaintiff claims that he informed Rauf of the occurrence during a telephone conversation within two weeks of the accident, and that Rauf told him she would take care of the matter, and if he received anything in connection with the claim, he was to let her know. Rauf, in turn, denied ever having the alleged telephone conversation, and claimed that Farm's claims department first learned of the accident upon receipt of the plaintiff's letter in April 1987. Rauf asserted that she first spoke with the plaintiff about the incident after Farm's claims department informed her of his claim.

Based on the conflicting affidavits of the parties, the Supreme Court denied Farm's motion for summary judgment and held that there are issues of fact as to whether the plaintiff failed to comply with the requirements of the insurance policy.

The law is settled that an insurer is not obligated to pay the loss of its insured in the absence of timely notice of the loss in accordance with the terms of the policy (see, Security Mut. Ins. Co. v Acker-Fitzsimons Corp., 31 NY2d 436; Schiebel v Nationwide Mut. Ins. Co., 166 AD2d 520; Matter of Merchants Mut. Ins. Co. v Hurban, 160 AD2d 873). The plaintiff's alleged conversations with Rauf regarding his claim did not constitute proper notice under the policy provisions (see, Allstate Ins. Co. v Furman, 84 AD2d 29, 31, affd 58 NY2d 613; Losi v Hanover Ins. Co., 139 AD2d 702, 703). Moreover, under the circumstances presented, the plaintiff's 10-month delay in providing written notice to the insurer was unreasonable as a matter of law (see, Greater N. Y. Mut. Ins. Co. v Farrauto, 158 AD2d 514, 515; Young, Jr. Health Center v New York State Dept. of Ins. Liquidation Bur., 152 AD2d 835; Losi v Hanover Ins. Co., supra; cf., Mighty Midgets v Centennial Ins. Co., 47 NY2d 12, 19). Thompson, J. P., Bracken, Harwood and Copertino, JJ., concur.