■ IRVING PLATSKY, Appellant, v GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent.—In an action for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiff with respect to an accident which occurred on August 21, 1988, the plaintiff appeals from an order of the Supreme Court, Nassau County (Robbins, J.), dated May 14, 1990, which granted the defendant's motion for summary judgment.

Ordered that the order is affirmed, with costs.

On August 21, 1988, the plaintiff and a close family friend, Lois Tobin, were on the plaintiff's boat when Tobin was

injured. According to the plaintiff, as he navigated his boat through a wake caused by passing boats, it rocked from side to side, causing Tobin to be jostled and strike her right hand on some part of the boat's interior. The incident was immediately reported to the Coast Guard. Members of the Coast Guard inspected the boat, and called an ambulance which took Tobin to the hospital. According to the plaintiff, following Tobin's discharge from the hospital, she had conversations with him in which she indicated that she did not intend to sue anyone. On or about June 29, 1989, the plaintiff was served by Tobin with a summons and complaint in a personal injury action by Tobin against the plaintiff arising out of the incident on the boat. It was about that time that the plaintiff first notified the defendant of the occurrence. Under the circumstances presented in this case, the plaintiff's 10-month delay in notifying the defendant was unreasonable as a matter of law *(see, Deso v London & Lancashire Indem. Co.,* 3 NY2d 127, 129-130; *Elkowitz v Farm Family Mut. Ins. Co.,* 180 AD2d 711; *Greater N. Y. Mut. Ins. Co. v Farrauto,* 158 AD2d 514; *Young Health Center v New York State Dept. of Ins.,* 152 AD2d 835, 836; *Eveready Ins. Co. v Levine,* 145 AD2d 526, 528; *Virtuoso v Aetna Cas. & Sur. Co.,* 134 AD2d 252). Mangano, P. J., Sullivan, O'Brien and Ritter, JJ., concur.