■ In the Matter of LIBERTY MUTUAL INSURANCE COMPANY, Respondent, v CHRIS MANCUSO et al., Appellants, and ALLSTATE INSURANCE COMPANY, Nonparty Respondent. [608 NYS2d 527] —In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, the appeal is from an order and judgment of the Supreme Court, Suffolk County (Floyd, J.), dated December 11, 1991, which, upon granting the petitioner leave to renew, granted the application for a permanent stay of arbitration.

Ordered that the order and judgment is affirmed, with costs to the petitioner-respondent.

On October 27, 1988, an automobile driven by the appellant Chris Mancuso and owned by the appellant Gregory Mancuso was involved in an accident with a vehicle operated by an unidentified driver who abandoned the vehicle and fled the scene. The apparent owner of the vehicle was identified, but the identity of the driver was never ascertained. On March 20, 1989, the appellants filed a notice of intention to make a claim for uninsured motorist benefits with the petitioner insurance carrier. A demand for arbitration was served on the petitioner on December 26, 1990. The petitioner then commenced a proceeding to stay arbitration, contending that the appellants failed to file, within 90 days of the accident, a statement under oath that the insured had a cause or causes of action arising out of the accident for damages against a person whose identity was unascertainable and setting forth the facts in support thereof, as required by the insurance policy. The Supreme Court granted the application and permanently stayed arbitration.

The court properly found that the appellants did not comply with the condition precedent to coverage under the hit-and-run portion of the uninsured motorist endorsement of the insurance policy which required the filing of a statement under oath within 90 days of the accident *(see, Matter of Home Indem. Co. v Messana,* 139 AD2d 513). The appellants provided no reasonable excuse for their failure to do so.

The court also properly determined that Insurance Law § 5208 was inapplicable to the appellants' claim. The appel-

lants' obligations were governed by the terms of the insurance policy *(see, Matter of St. Paul Fire & Mar. Ins. Co. [Vanguard Sys. Resources],* 152 AD2d 497).

The appellants' contention that the policy provision requiring the filing of a sworn statement within 90 days of the accident violates public policy is raised for the first time on appeal and is therefore unpreserved for appellate review *(see, Matter of Aetna Cas. & Sur. Co. v Scirica,* 170 AD2d 448). In any event, the claim is without merit. Mangano, P. J., Pizzuto, Altman and Krausman, JJ., concur.