■ In the Matter of the Arbitration between EVEREADY INSURANCE COMPANY, Appellant, and MANNY SCHWARTZBERG, Respondent. [611 NYS2d 1] —Order and judgment (one paper), Supreme Court, Queens County (Edwin Kassoff, J.; Robert Groh, J., at hearing and decision), entered March 26, 1992, dismissing petitioner's application for a stay of arbitration under an uninsured motorist coverage provision, unanimously affirmed, with costs.

After a hearing the IAS Court properly determined that respondent's failure to have filed with petitioner a statement under oath pertaining to the specifics of a 1989 hit and run incident did not, as a matter of law, bar his request to seek coverage under the uninsured motorist coverage provision (see, Matter of Empire Ins. Co. v Kaparos, 183 AD2d 566). Here, respondent obtained a copy of the police report prepared at the scene of the accident and forwarded it, together with a written report of the accident, to petitioner, which had insured the vehicle operated by respondent and which was involved in the incident. Respondent was neither the owner of the vehicle, nor the insured under the policy. These materials were reviewed by petitioner, which requested additional information from respondent without any mention of the need for a sworn statement until well over one year later. Since respondent did not have possession of the policy and was unaware of the 90 day provision for the filing of a sworn statement concerning the incident, which petitioner had timely notice of, the court properly excused the delay in

denying petitioner's request for a stay of the demand for arbitration under the policy *(compare, Matter of Eagle Ins. Co. [Chowdhury],* 149 Misc 2d 227, *with Matter of Home Indem. Co. v Messana,* 139 AD2d 513). Concur—Sullivan, J. P., Asch, Nardelli and Tom, JJ.