■ ARTHUR D'ALOIA et al., Respondents, v TRAVELERS INSURANCE Co., Appellant., et al., Defendant. [616 NYS2d 750] —In an action for a judgment declaring the rights of the parties with respect to an insurance policy, the defendant Travelers Insurance Company appeals from a judgment of the Supreme Court, Kings County (Krausman, J.), entered October 2, 1992, which, after a nonjury trial, is in favor of the plaintiffs declaring that the appellant has an obligation to defend and indemnify the plaintiffs with respect to a certain action to recover damages for personal injuries pending against them.

Ordered that the judgment is affirmed, with costs.

"When the facts of an occurrence are such that an insured acting in good faith would not reasonably believe that liability on his part will result, notice of the occurrence given by the insured to the insurer is given 'as soon as practicable' if given promptly after the insured receives notice that a claim against him will in fact be made" *(Merchants Mut. Ins. Co. v Hoffman,* 56 NY2d 799, 801; *see also, E.T. Nutrition v Central Mut. Ins. Co.,* 201 AD2d 451; *Winstead v Uniondale Union Free School Dist.,* 170 AD2d 500, 503).

The Supreme Court concluded that under the circumstances of this case, notice was timely given to the defendant. The court's determination is supported by the record, and we find no basis for disturbing it.

In response to our dissenting colleagues' concerns regarding the state of the record, we note that the underlying facts are not in dispute, and while there is certainly disagreement between the parties as to whether the decision of the Supreme Court was correct, there is no argument before us that it was improper for the Supreme Court to base its determination on the record before it. The parties charted their own litigation course *(see, e.g., Mitchell v New York Hosp.,* 61 NY2d 208, 215), and we do not share our dissenting colleagues' belief that there was no evidence before the Supreme Court to support its determination. Miller, Copertino and Altman, JJ., concur.

Bracken, J. P., dissents and votes to reverse the judgment appealed from and to declare that the appellant is not obligated to defend and indemnify the plaintiffs with respect to a certain action to recover damages for personal injuries pending against them, with the following memorandum, with which Santucci, J., concurs: In this declaratory judgment action, the plaintiffs bore the burden of proving that their 2½ year delay in notifying the appellant of the underlying accident was excusable (see, White v City of New York, 81 NY2d 955; Security Mut. Ins. Co. v Acker-Fitzsimons Corp., 31 NY2d 436; Winstead v Uniondale Union Free School Dist., 201 AD2d 721; Eveready Ins. Co. v Levine, 145 AD2d 526). The plaintiffs have clearly failed to meet this burden.

The record on appeal consists of the parties' pleadings, the parties' memoranda of law, the transcript of certain colloquy which is now characterized as a "framed issue hearing", a one-page decision, a two-page judgment, and a notice of appeal. There is no trial testimony and no motion papers, and thus no evidence.

Assuming that the transcribed statements made by the court in the presence of the parties' attorneys during the course of the colloquy characterized as a "framed issue hearing" may properly be considered a stipulation (see, CPLR 2104), this stipulation establishes only: (1) that the underlying "dog bite" incident occurred on November 1, 1987, (2) that the plaintiff Arthur D'Aloia witnessed the incident, and (3) that the plaintiffs did not give notice of this incident to the appellant until after they had received a summons and complaint in connection with the underlying "dog bite" case in July 1990. Assuming we may go even further and treat the unsworn statements contained in the parties' memoranda of law as evidence, then we learn that the plaintiff Arthur D'Aloia accompanied the dog-bite victim to the hospital, and later saw her with her arm bandaged. We also learn that the plaintiffs offered to pay for the victim's medical expenses, and that the victim or her parents declined this offer, although they never assured the plaintiffs that they would not sue.

Under the circumstances outlined above, the Supreme Court held that the plaintiffs were excused from complying with their contractual obligation to furnish the defendant with notice of the dog-bite incident as soon as reasonably practicable. This determination, upheld by my colleagues in the majority, cannot be reconciled with our prior cases (see, e.g., Platsky v Government Empls. Ins. Co., 181 AD2d 764).

In *Platsky (supra)*, the incident for which insurance protection was sought occurred when the injured party struck her hand against some portion of the interior of the insured person's boat after the boat had been rocked by a wave. The injured party subsequently told the insured person that she did not intend to sue him. The insured person consequently refrained from notifying his insurance company until, some 10 months later, he received a summons and complaint. This Court affirmed the order granting summary judgment to the insurance company, holding that the insured person's delay under these circumstances was unreasonable as a matter of law.

In *Platsky (supra)*, the injury was no more serious than the one presented here, the basis for potential liability was, if anything, weaker, and the insured's delay in notifying his insurance carrier was much shorter. More importantly, in *Platsky (supra)*, the injured party had expressly disavowed any intent to sue. Thus, in affirming the order granting summary judgment to the defendant in *Platsky,* this Court necessarily held as a matter of law that an insured person's delay in notifying his liability carrier of the occurrence of an accident may not be excused solely on the basis of the injured party's disavowal of any intent to sue. Yet it is a similar circumstance (the refusal by the parents of the dog-bite victim to accept payment from the plaintiffs) which in the present case seems to have swayed the majority in favor of deciding that the plaintiffs' delay was reasonable.

For similar reasons, the majority's decision conflicts with our holding in *E.B. Gen. Contr. v Nationwide Ins. Co.* (189 AD2d 796). The *E.B. Gen.* case *(supra)* involved a painter who fell from a ladder and who, like the injured party in *Platsky,* actually told the insured person that he did not intend to sue. As it did in *Platsky,* this Court held that the injured person in the *E.B. Gen.* case *(supra)* acted unreasonably to the extent he relied on the injured person's disavowal of any intent to sue.

There is no other factor which might distinguish this case from those noted above. One does not have to be a lawyer to know that a dog bite can give rise to legal liability. There is no proof that the injury suffered by the dog-bite victim was trivial. Further, this is not a case where the insured and the injured party were related or members of the same household (*cf., Merchants Mut. Ins. Co. v Hoffman,* 56 NY2d 799; *Argentina v Otsego Mut. Ins. Co.,* 207 AD2d 816 [decided herewith]). Based on the deficient record before us, we must assume that the plaintiffs knew that a dog-bite incident would in fact be

covered under the terms of their homeowners' policy. There is, in sum, no basis upon which to conclude that they acted with ordinary prudence in failing to notify the defendant of the dog-bite incident.

For these reasons, I would reverse the judgment appealed from on the law and on the facts and dismiss the complaint *(see also, Deso v London & Lancashire Indem. Co.,* 3 NY2d 127; *Elkowitz v Farm Family Mut. Ins. Co.,* 180 AD2d 711; *cf., Merchants Mut. Ins. Co. v Hoffman, supra; Colontino v United States Fid. & Guar. Co.,* 8 NY2d 974).