■ In the Matter of NATIONWIDE INSURANCE COMPANY, Respondent, v MARY T. O'HALLORAN et al., Appellants. [619 NYS2d 159] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an underinsured motorist claim, the appeal is from an order of the Supreme Court, Richmond County (Cusick, J.), entered April 5, 1993, which granted the application.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the petition to permanently stay arbitration of the appellants' underinsured motorist claim. The appellants offered no valid excuse for the five-year delay in asserting the claim for coverage, and therefore, their notice was untimely as a matter of law (see, Security

*Mut. Ins. Co. v Acker-Fitzsimons Corp.,* 31 NY2d 436; *Schiebel v Nationwide Mut. Ins. Co.,* 166 AD2d 520; *Matter of Merchants Mut. Ins. Co. v Hurban,* 160 AD2d 873; *Matter of Allstate Ins. Co. v Kashkin,* 130 AD2d 744).

We find no merit to the appellants' contention that the "underinsured motorist" endorsement of the subject insurance policy is ambiguous because it does not contain the notice requirements included in the "uninsured motorist" endorsement. The subject underinsured motorist endorsement No. 1737 specifically states that it is an amendment to uninsured motorist endorsement No. 1751 which includes the requisite notice provisions. Therefore, the plain language of the endorsements demonstrates that there is no ambiguity *(cf., LaPar v Nationwide Mut. Ins. Co.,* 177 AD2d 983).

The appellants' remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Miller, O'Brien, Santucci and Joy, JJ., concur.