■ In the Matter of AMERICAN HOME ASSURANCE COMPANY, Respondent, v FRANCISCO CEBALLOS, Appellant. [639 NYS2d 397] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, Francisco Ceballos appeals from a judgment of the Supreme Court, Nassau

County (Kutner, J.), entered May 26, 1994, which granted the petition and permanently stayed arbitration.

Ordered that the judgment is affirmed, with costs.

The Supreme Court properly stayed arbitration since the appellant failed to comply with the condition precedent to coverage under the uninsured motorist endorsement of the insurance policy which required that he file a statement under oath within 90 days of the accident (*see, Schiebel v Nationwide Mut. Ins. Co.,* 166 AD2d 520; *Eveready Ins. Co. v Saunders,* 149 AD2d 456, 457; *Matter of Home Indem. Co. v Messana,* 139 AD2d 513). The fact that the petitioner insurance company may have received some notice of the accident does not vitiate the breach of the policy requirement (*see, Matter of Wausau Ins. Co. v Bartz,* 197 AD2d 627; *Matter of Allcity Ins. Co. [Jimenez],* 170 AD2d 238, *affd* 78 NY2d 1054; *Matter of Home Indem. Co. v Messana, supra*).

The appellant's reliance upon *Matter of Eveready Ins. Co. (Schwartzberg)* (203 AD2d 101) and *Matter of Eagle Ins. Co. (Chowdhury)* (149 Misc 2d 227) to support his contention that he was not bound by the strict notice requirement in the policy because he was not a party to the insurance contract is misplaced. Unlike the *Schwartzberg* and *Chowdhury* cases where the claimant did not possess the insurance policy, the appellant in this case had access to the policy since the named insured was his wife with whom he resided.

The claim that the provisions of the insurance policy are ambiguous was not raised before the Supreme Court and is, therefore, unpreserved for appellate review (*see, Matter of American Home Assur. Co. v Joseph,* 213 AD2d 633; *Matter of Liberty Mut. Ins. Co. v Mancuso,* 202 AD2d 428), and we decline to reach it in the exercise of our interest of justice jurisdiction. Balletta, J. P., Rosenblatt, Pizzuto, Joy and Altman, JJ., concur.