■ CHARLES OUTLAW, Plaintiff, v CITY OF NEW YORK et al., Defendants and Third-Party Plaintiffs. USA RENOVATION CORP. et al., Third-Party Defendants-Respondents; NATIONWIDE MUTUAL INSURANCE COMPANY et al., Third-Party Defendants-Appellants. [666 NYS2d 700] —In an action to recover damages for personal injuries, the second third-party defendants Dino Ralis and Nationwide Mutual Insurance Company appeal from a judgment of the Supreme Court, Queens County (Kassoff, J.), dated September 20, 1996, which, after a nonjury trial, declared that the second third-party defendant National Union Fire Insurance Company of Pittsburgh, PA, has no duty to

defend or indemnify USA Renovation Corp. with respect to the first third-party action commenced by the City of New York and the Board of Education of the City of New York.

Ordered that the appeal by Dino Ralis is dismissed, as he is not aggrieved by the judgment appealed from; and it is further,

Ordered that the judgment is affirmed insofar as reviewed; and it is further,

Ordered that the respondent National Union Fire Insurance Company of Pittsburgh, PA, is awarded one bill of costs.

USA Renovation Corp. (hereinafter USA) was hired by the New York City School Construction Authority to repair a roof at a school in Queens. The plaintiff was injured while repairing the roof. He commenced an action against New York City and the Board of Education of the City of New York and those defendants commenced a third-party action against USA. USA was insured for the plaintiff's injuries under two policies, one issued by Nationwide Mutual Insurance Company (hereinafter Nationwide) and the other issued by National Union Fire Insurance Company of Pittsburgh, PA (hereinafter National Union). National Union thereafter disclaimed coverage and USA commenced this second third-party action, *inter alia,* for a declaration that National Union was obligated to defend and indemnify it in connection with the first third-party action. The Supreme Court declared that National Union's disclaimer was proper and that it had no duty to defend or indemnify USA.

On this appeal, Nationwide Mutual challenges the validity of a disclaimer of coverage with respect to USA. We find that National Union's disclaimer was proper, even if its insured's delay in notifying it of the claim resulted in no prejudice (*see, American Home Assur. Co. v International Ins. Co.,* 90 NY2d 433), and even if National Union had learned of the underlying occurrence and subsequent claim from another source (*see, Matter of Nationwide Ins. Co. [DeRose],* 241 AD2d 607; *Matter of Aetna Life & Cas. v Ocasio,* 232 AD2d 409; *Matter of American Home Assur. Co. v Ceballos,* 224 AD2d 612; *Matter of Home Indem. Co. v Messana,* 139 AD2d 513). The conclusion reached by the Supreme Court after what amounted to a nonjury trial (*see, Argentina v Otsego Mut. Fire Ins. Co.,* 86 NY2d 748), to the effect that National Union's insured failed to provide prompt notice of the claim in violation of its obligations under the policy, is supported by the weight of the evidence. Bracken, J. P., O'Brien, Thompson and Altman, JJ., concur.