Second Department, March, 1999

(March 1, 1999)

■ Abklir Realty Co., Inc., Appellant, v United States Fidelity and Guaranty Company, Respondent. [686 NYS2d 86] —In an action to recover damages for breach of contract, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (DiBlasi, J.), dated January 7, 1998, which granted the defendant's motion for summary judgment dismissing the complaint, and (2) an order of the same court, dated March 12, 1998, which denied its motion for reargument.

Ordered that the appeal from the order dated March 12, 1998, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated January 7, 1998, is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The plaintiff, an owner of a commercial building located on Hempstead Turnpike in Franklin Square, was named as an additional insured on a liability policy issued by the defendant to one of the plaintiff's tenants. During a heavy rain storm in September 1986, water leaked into the building causing damage. The source of the leak was an area of the roof where the tenant had previously had some work performed. Although the plaintiff was aware of the leakage and some of the water damage at the time, it did not notify the defendant of the incident until 1989 when a co-tenant made a claim against the plaintiff for personal property damaged by the water.

Pursuant to the terms of the insurance policy, "in the event

of [an] occurrence, written notice * * * shall be given by or for the insured to the Company or any of its authorized agents as soon as practicable". An "occurrence" is defined by the policy as meaning "an accident, including continuous or repeated exposure to conditions, which results in * * * property damage neither expected nor intended from the standpoint of the insured". Thus, the plaintiff had a duty to give notice to the defendant of the occurrence, namely, the water leakage due to the storm, "as soon as practicable". Although the plaintiff was aware of water leaking into the building at the time of its occurrence in September 1986, it did not notify the defendant of the incident until 3 years later in 1989. The plaintiff has failed to meet its burden of providing a satisfactory excuse for the delay. Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint (*see, Security Mut. Ins. Co. v Acker-Fitzsimons Corp.*, 31 NY2d 436; *Winstead v Uniondale Union Free School Dist.*, 201 AD2d 721; *Platsky v Government Empls. Ins. Co.*, 181 AD2d 764).

The plaintiff's remaining contentions are either academic in light of the above determination or without merit. O'Brien, J. P., Joy, Krausman and Luciano, JJ., concur.