■ In the Matter of the Arbitration between COUNTRY-WIDE INSURANCE COMPANY, Respondent, and EUN KYU PARK et al., Appellants. [717 NYS2d 132] —Order, Supreme Court, New York County (William McCooe, J.), entered June 23, 1999, which granted petitioner insurer's application for a permanent stay of arbitration of respondents' uninsured motorist claims, unanimously affirmed, without costs.

Arbitration of respondents-appellants' uninsured motorist claims was properly stayed since respondents-appellants did not comply with the condition precedent to coverage under the hit-and-run portion of the uninsured motorist endorsement of the subject insurance policy, which required notice within 90 days of the accident (*see, Matter of Liberty Mut. Ins. Co. v Mancuso*, 202 AD2d 428; *Matter of Home Indem. Co. v Messana*, 139 AD2d 513) and respondents provided no excuse for such failure (*see, id.*). We note that even if, as respondents now contend, the subject policy permitted notice to the insurer of their uninsured motorist claims "as soon [after the initial 90-day period] as practicable," it would be clear that such notice was not given; it was evident in the immediate aftermath of the hit-and-run accident that the hit-and-run vehicle and driver would not be identified since no information respecting either had been gathered. The fact that the petitioner insurer may have received some notice of the accident through respondents' no-fault claim does not vitiate the breach of the policy requirement (*see, Matter of State Farm Ins. Co. v Velasquez*, 211 AD2d 636; *Matter of Wausau Ins. Co. v Bartz*, 197 AD2d 627; *Matter of Travelers Indem. Co. v Madera*, 189 AD2d 570). A different result is not required because respondents are not the policyholders. There is no claim that respondents, who reside at the same address as the policyholders, did not have access to the policy (*see, Matter of American Home Assur. Co. v Ceballos*, 224 AD2d 612, *lv denied* 88 NY2d 809).

We have considered respondents' other arguments and find

them unavailing. Concur—Sullivan, P. J., Nardelli, Ellerin, Lerner and Friedman, JJ.