■ In the Matter of the Arbitration between STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, and

GIANNA FUCCIO, Appellant. [732 NYS2d 220] —Order, Supreme Court, New York County (Paula Omansky, J.), entered on or about December 15, 2000, which granted petitioner insurer's application to stay arbitration of an uninsured motorist claim demanded by respondent insured, unanimously affirmed, without costs.

Arbitration was properly stayed since respondent did not comply with the condition precedent to coverage under the uninsured motorist endorsement requiring written notice of claim within 90 days or as soon as practicable from the date that she knew or should reasonably have known that the other driver was uninsured (*cf., Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso*, 93 NY2d 487, 497). The accident occurred in December 1995 and involved another car with a Pennsylvania license plate. Respondent took no steps to determine whether the other car was insured until two months later, in February 1996, when, having received a letter of representation from the other driver's attorney, respondent's attorney wrote back with a request for insurance information. Although the other driver's attorney failed to provide such information, and indeed, in July 1996 advised respondent's attorney that his client was not being cooperative, respondent waited 11 months, until June 1997, to contact the Pennsylvania insurance authorities. Six weeks later, more than 19 months after the accident, respondent's attorney sent petitioner a notice of claim for uninsured motorist benefits, although it was not until November 1997 that his contact with the Pennsylvania insurance authorities generated a denial of coverage from the insurer whose code number appeared on the police accident report. The unexplained delay in contacting the Pennsylvania insurance authorities demonstrates a lack of diligence in ascertaining the existence of insurance that requires a finding that respondent failed to give petitioner written notice of claim as soon as practicable. "[A] claimant should be at least as diligent in initially endeavoring to find out whether the other car is insured as he is after discovering there is no insurance." (*Matter of Kauffman [MVAIC]*, 25 AD2d 419; *see, Matter of Acevedo v MVAIC*, 56 AD2d 817.) Respondent's argument that her receipt of no-fault benefits shows that petitioner had timely notice of her uninsured motorist claim is unsupported by evidence as to when she made her claim for no-fault benefits, and is otherwise of doubtful merit (*see, Matter of Country-Wide Ins. Co. [Eun Kyu Park]*, 277 AD2d 175). We have considered and rejected respondent's other arguments. Concur—Williams, J. P., Andrias, Wallach, Lerner and Saxe, JJ.