◼ In the Matter of New York Central Mutual Fire Insurance Company, Respondent, v Jorge Aguirre et al., Appellants. [797 NYS2d 916]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, the appeal is from a judgment of the Supreme Court, Nassau County (Dunne, J.), entered December 26, 2003, which, upon an order of the same court, dated October 7, 2003, granting the petition, permanently stayed arbitration.

Ordered that on the Court's own motion, the notice of appeal from the order is deemed a premature notice of appeal from the judgment (*see* CPLR 5520 [c]); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the petitioner.

The appellants' failure to file a sworn statement with the petitioner, New York Central Mutual Fire Insurance Company, after the alleged hit-and-run accident, in accordance with a condition precedent to coverage under the uninsured motorist endorsement of the insurance policy, vitiated coverage (*see Matter of Empire Ins. Co. v Dorsainvil,* 5 AD3d 480 [2004]; *Matter of New York Cent. Mut. Fire Ins. Co. v Daley,* 273 AD2d 315 [2000]; *Matter of New York Cent. Mut. Fire Ins. Co. v Shepard,*

249 AD2d 549 [1998]). The fact that the insurer received some notice of the accident does not negate the breach of this policy requirement (*see Matter of Aetna Life & Cas. v Ocasio,* 232 AD2d 409 [1996]; *Matter of American Home Assur. Co. v Ceballos,* 224 AD2d 612, 613 [1996]). Moreover, the language of the policy, which mirrors the prescribed endorsement promulgated by the Insurance Department (*see* 11 NYCRR 60-2.3 [f]), is not ambiguous. Florio, J.P., Schmidt, Adams and Mastro, JJ., concur.