■ COMPASS CONSTRUCTION OF NEW YORK, Appellant, v EMPIRE FIRE & MARINE COMPANY OF OMAHA, NEBRASKA, et al., Respondents. (Action No. 1.) KEVIN KELLY et al., Appellants, v EMPIRE FIRE & MARINE INSURANCE COMPANIES, Respondent. (Action No. 2.) [842 NYS2d 554]—

In related actions, inter alia, for a judgment declaring that the defendant Empire Fire & Marine Company of Omaha, Nebraska, is required to indemnify Compass Construction of New York, the plaintiff in action No. 1, in an underlying personal injury action entitled *Kelly v Compass Constr. Co., Inc.,* prosecuted in the Supreme Court, Kings County, under index No. 13092/00, in which a judgment was entered against Compass Construction Company, Inc., on February 25, 2003, and, pursuant to Insurance Law § 3420 (a), to recover the amount of the judgment, Compass Construction of New York, the plaintiff in action No. 1, appeals from so much of an order of the Supreme Court, Kings County (Douglass, J.), dated November 7, 2005, as granted that branch of the motion of the defendant Empire Fire & Marine Company of Omaha, Nebraska, which was for summary judgment in its favor in action No. 1 and the separate motion of NPA Associates, Ltd., which was for summary judgment in its favor in action No. 1 and denied Compass Construction of New York's cross motion for summary judgment in that action, and Kevin Kelly and Frances Kelly, the plaintiffs in action No. 2, appeal from so much of the same order as granted that branch

of the motion of the defendant Empire Fire & Marine Insurance Companies, which as for summary judgment in its favor in action No. 2 and denied that branch of the Kellys' cross motion which was for summary judgment in that action.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting the motion of the defendant Empire Fire & Marine Company of Omaha, Nebraska, in action No. 1 and the defendant Empire Fire and Marine Insurance Companies in action No. 2 for summary judgment in their favor in both actions, and substituting therefor a provision denying the motion, and (2) by deleting the provisions thereof denying the cross motion of the plaintiff Compass Construction of New York in action No. 1, and that branch of the cross motion of the plaintiffs Kevin Kelly and Frances Kelly in action No. 2, which were for summary judgment against the defendant Empire Fire & Marine Company of Omaha, Nebraska in action No. 1 and the defendant Empire Fire & Marine Insurance Companies in action No. 2, and substituting therefor provisions granting the respective cross motion and branch of the cross motion; as so modified, the order is affirmed, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that defendant Empire Fire & Marine Company of Omaha, Nebraska, is obligated to indemnify Compass Construction of New York in the underlying personal injury action entitled *Kelly v Compass Constr. Co., Inc.*, prosecuted in the Supreme Court, Kings County, under index No. 13092/00, in which a judgment was entered against Compass Construction Company, Inc., and that the defendant NPA Associates, Ltd., is not obligated to pay any damages to the plaintiff in action No. 1; and it is further,

Ordered that the plaintiffs in action Nos. 1 and 2, appearing separately and filing separate briefs, are awarded one bill of costs payable by the defendants Empire Fire & Marine Company of Omaha, Nebraska, and Empire Fire & Marine Insurance Companies; and it is further,

Ordered that NPA Associates, Ltd., is awarded one bill of costs payable by the plaintiff in action No. 1, Compass Construction of New York.

Compass Construction of New York, the plaintiff in action No. 1 (hereinafter Compass), and Kevin Kelly and Frances Kelly, the plaintiffs in action No. 2 (hereinafter the Kellys), established their prima facie entitlement to judgment as a matter of law as against the defendants Empire Fire & Marine Company of Omaha, Nebraska, and Empire Fire & Marine Insurance Companies (hereinafter collectively, Empire), by demonstrating

on their respective cross motions that Compass provided notice of the underlying occurrence to Empire through Empire's agent, NPA Associates, Inc. (hereinafter NPA), a defendant in action No 1. The record establishes that notice of the occurrence was provided "as soon as practicable" in accordance with section IV (2) (a) of the policy, which defined Compass's notice of occurrence obligations, and that Empire's disclaimer of coverage was therefore improper (*see D'Aloia v Travelers Ins. Co.,* 207 AD2d 820 [1994]). In opposition, Empire failed to raise a triable issue of fact (*see generally Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). Contrary to the Supreme Court's finding, oral notice was sufficient to satisfy the notice of occurrence provision in the instant policy since the provision unambiguously did not contain a written notice requirement (*cf. Elkowitz v Farm Family Mut. Ins. Co.,* 180 AD2d 711, 712 [1992]).

The Supreme Court in action No. 1 properly granted the separate motion of the defendant NPA for summary judgment. As the agent of Empire, NPA owed no duty to Compass (*see Neil Plumbing & Heating Constr. Corp. v Providence Washington Ins. Co.,* 125 AD2d 295, 297-298 [1986]). We note, however, that contrary to NPA's brief on appeal, its separate motion did not seek summary judgment dismissing Empire's cross claim against it for indemnification arising out of, inter alia, NPA's alleged failure to procure a policy of insurance for Compass that comported with Empire's authorized guidelines.

Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment declaring that Empire is obligated to indemnify Compass in the underlying personal injury action, and that NPA is not obligated to pay any damages to Compass (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Crane, J.P., Goldstein, Dillon and Carni, JJ., concur.